(Slip Opinion) OCTOBER TERM, 2018 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## NUTRACEUTICAL CORP. *v.* LAMBERT

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 17–1094.   Argued November 27, 2018—Decided February 26, 2019

Respondent Troy Lambert filed a class action in federal court alleging that petitioner Nutraceutical Corporation's marketing of a dietary supplement ran afoul of California consumer-protection law.   On February 20, 2015, the District Court ordered the class decertified. Pursuant to Federal Rule of Civil Procedure 23(f), Lambert had 14 days from that point to ask the Court of Appeals for permission to appeal the order.   Instead, he filed a motion for reconsideration on March 12, which the District Court denied on June 24.   Fourteen days later, Lambert petitioned the Court of Appeals for permission to appeal the decertification order.   Nutraceutical objected that Lambert's petition was untimely because it was filed far more than 14 days from the February 20 decertification order.   The Ninth Circuit held, however, that Rule 23(f)'s deadline should be tolled under the circumstances because Lambert had "acted diligently."   On the merits, the court reversed the decertification order.

*Held*: Rule 23(f) is not subject to equitable tolling.  Pp. 3–10.

(a) Rule 23(f) is properly classified as a nonjurisdictional claim-processing rule, but that does not render it malleable in every respect.   Whether a rule precludes equitable tolling turns not on its jurisdictional character but rather on whether its text leaves room for such flexibility.   See *Carlisle* v. *United States*, 517 U. S. 416, 421. Here, the governing rules speak directly to the issue of Rule 23(f)'s flexibility and make clear that its deadline is not subject to equitable tolling.   While Federal Rule of Appellate Procedure 2 authorizes a court of appeals for good cause to "suspend any provision . . . in a particular case," it does so with a caveat: "except as otherwise provided in Rule 26(b)."   Rule 26(b), which generally authorizes extensions of time, in turn includes the carveout that a court of appeals "may not

Syllabus

extend the time to file . . . a petition for permission to appeal"—the precise type of filing at issue here. The Rules thus express a clear intent to compel rigorous enforcement of Rule 23(f)'s deadline, even where good cause for equitable tolling might otherwise exist. Precedent confirms this understanding. See *Carlisle*, 517 U. S. 416, and *United States* v. *Robinson*, 361 U. S. 220. Pp. 3–6.

(b) Lambert's counterarguments do not withstand scrutiny. Lambert argues that Rule 26(b)'s prohibition on extending the time to file a petition for permission to appeal should be understood to foreclose only formal extensions granted *ex ante* and to leave courts free to excuse late filings on equitable grounds after the fact. But this Court has already rejected an indistinguishable argument concerning Federal Rule of Criminal Procedure 45(b) in *Robinson,* and Lambert offers no sound basis for reading Rule 26(b) differently. Further, the 1998 Advisory Committee Notes to Rule 23(f) speak to a court of appeals' discretion to decide whether a particular certification decision warrants review in an interlocutory posture, not to its determination whether a petition is timely. Finally, Lambert notes that every Court of Appeals to have considered the question would accept a Rule 23(f) petition filed within 14 days of the resolution of a motion for reconsideration that was itself filed within 14 days of the original order. Although his own reconsideration motion was not filed until after the initial 14 days had run, he cites the lower courts' handling of such cases as evidence that Rule 23(f) is amenable to tolling. However, a timely motion for reconsideration affects the antecedent issue of when the 14-day limit begins to run, not the availability of tolling. See *United States* v. *Ibarra*, 502 U. S. 1, 4, n. 2. Pp. 6–9.

(c) On remand, the Court of Appeals can address other preserved arguments about whether Lambert's Rule 23(f) petition was timely even without resort to tolling. Pp. 9–10.

870 F. 3d 1170, reversed and remanded.

SOTOMAYOR, J., delivered the opinion for a unanimous Court.

# SUPREME COURT OF THE UNITED STATES

_____

No. 17–1094

_____

## NUTRACEUTICAL CORPORATION, PETITIONER *v.* TROY LAMBERT

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT

[February 26, 2019]

JUSTICE SOTOMAYOR delivered the opinion of the Court.

To take an immediate appeal from a federal district court's order granting or denying class certification, a party must first seek permission from the relevant court of appeals "within 14 days after the order is entered." Fed. Rule Civ. Proc. 23(f). This case poses the question whether a court of appeals may forgive on equitable tolling grounds a failure to adhere to that deadline when the opposing party objects that the appeal was untimely. The applicable rules of procedure make clear that the answer is no.

I

In March 2013, respondent Troy Lambert sued petitioner Nutraceutical Corporation in federal court, alleging that its marketing of a dietary supplement ran afoul of California consumer-protection law. The District Court for the Central District of California initially permitted Lambert to litigate on behalf of a class of similarly situated consumers. On February 20, 2015, however, the District Court revisited that decision and ordered the class decertified. From that point, Lambert had 14 days to ask the Court of Appeals for the Ninth Circuit for permission to appeal the order. See Fed. Rule Civ. Proc. 23(f).

Instead of filing a petition for permission to appeal, Lambert informed the District Court at a status confer-

ence on March 2 (10 days after the decertification order) that he would "want to file a motion for reconsideration" in the near future. App. to Pet. for Cert. 74. The court told Lambert to file any such motion "no later than" March 12. *Id.,* at 76. Neither Lambert nor the District Court mentioned the possibility of an appeal.

Lambert filed his motion for reconsideration, in compliance with the District Court's schedule, on March 12 (20 days after the decertification order). The District Court denied the motion on June 24, 2015. Fourteen days later, on July 8, Lambert petitioned the Court of Appeals for permission to appeal the decertification order. Nutraceutical's response argued that Lambert's petition was untimely because more than four months had elapsed since the District Court's February 20 order decertifying the class, far more than the 14 days that Federal Rule of Civil Procedure 23(f) allows. App. 41.

Notwithstanding the petition's apparent untimeliness, the Court of Appeals "deem[ed] Lambert's petition timely" because, in its view, the Rule 23(f) deadline should be "tolled" under the circumstances. 870 F. 3d 1170, 1176 (CA9 2017). The Court of Appeals reasoned that Rule 23(f)'s time limit is "non-jurisdictional, and that equitable remedies softening the deadline are therefore generally available." *Ibid.* Tolling was warranted, the court concluded, because Lambert "informed the [District Court] orally of his intention to seek reconsideration" within Rule 23(f)'s 14-day window, complied with the District Court's March 12 deadline, and "otherwise acted diligently." *Id.,* at 1179. On the merits, the Court of Appeals held that the District Court abused its discretion in decertifying the class. *Id.,* at 1182–1184. It reversed the decertification order. *Id.,* at 1184.

In accepting Lambert's petition, the Court of Appeals

"recognize[d] that other circuits would likely not toll the Rule 23(f) deadline in Lambert's case."[1]  *Id.,* at 1179.  We granted certiorari.  585 U. S. \_\_\_ (2018).

## II

When Lambert filed his petition, Federal Rule of Civil Procedure 23(f) authorized courts of appeals to "permit an appeal from an order granting or denying class-action certification . . . if a petition for permission to appeal is filed . . . within 14 days after the order is entered."[2]  The Court of Appeals held that Rule 23(f)'s time limitation is nonjurisdictional and thus, necessarily, subject to equitable tolling.  While we agree that Rule 23(f) is nonjurisdictional, we conclude that it is not subject to equitable tolling.

Because Rule 23(f)'s time limitation is found in a procedural rule, not a statute, it is properly classified as a nonjurisdictional claim-processing rule.  See *Hamer* v. *Neighborhood Housing Servs. of Chicago*, 583 U. S. \_\_\_, \_\_\_ (2017) (slip op., at 8).[3]  It therefore can be waived or

_____

[1] See *Nucor Corp.* v. *Brown*, 760 F. 3d 341, 343 (CA4 2014); *Fleischman* v. *Albany Med. Ctr.*, 639 F. 3d 28, 31 (CA2 2011); *Gutierrez* v. *Johnson & Johnson*, 523 F. 3d 187, 193, and n. 5 (CA3 2008); *McNamara* v. *Felderhof*, 410 F. 3d 277, 281 (CA5 2005); *Gary* v. *Sheahan*, 188 F. 3d 891, 892 (CA7 1999).

[2] Rule 23(f) has since been amended and now reads, in relevant part: "A court of appeals may permit an appeal from an order granting or denying class-action certification . . . .  A party must file a petition for permission to appeal . . . within 14 days after the order is entered . . . ." The difference is immaterial for purposes of this case.

[3] To be sure, this Court has previously suggested that time limits for taking an appeal are "mandatory and jurisdictional."  *Budinich* v. *Becton Dickinson & Co.*, 486 U. S. 196, 203 (1988).  As our more recent precedents have made clear, however, this Court once used that phrase in a "'less than meticulous'" manner.  *Hamer*, 583 U. S., at \_\_\_ (slip op., at 9); *Kontrick* v. *Ryan*, 540 U. S. 443, 454 (2004).  Those earlier statements did not necessarily signify that the rules at issue were formally

forfeited by an opposing party. See *Kontrick* v. *Ryan*, 540 U. S. 443, 456 (2004). The mere fact that a time limit lacks jurisdictional force, however, does not render it malleable in every respect. Though subject to waiver and forfeiture, some claim-processing rules are "mandatory"— that is, they are "'unalterable'" if properly raised by an opposing party. *Manrique* v. *United States*, 581 U. S. ___, ___ (2017) (slip op., at 4) (quoting *Eberhart* v. *United States*, 546 U. S. 12, 15 (2005) (*per curiam*)); see also *Kontrick*, 540 U. S., at 456. Rules in this mandatory camp are not susceptible of the equitable approach that the Court of Appeals applied here. Cf. *Manrique*, 581 U. S., at ___ (slip op., at 8) ("By definition, mandatory claim-processing rules . . . are not subject to harmless-error analysis").

Whether a rule precludes equitable tolling turns not on its jurisdictional character but rather on whether the text of the rule leaves room for such flexibility. See *Carlisle* v. *United States*, 517 U. S. 416, 421 (1996). Where the pertinent rule or rules invoked show a clear intent to preclude tolling, courts are without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving. *Ibid.*; see *Kontrick*, 540 U. S., at 458; *United States* v. *Robinson*, 361 U. S. 220, 229 (1960). Courts may not disregard a properly raised procedural rule's plain import any more than they may a statute's. See *Bank of Nova Scotia* v. *United States*, 487 U. S. 250, 255 (1988).

Here, the governing rules speak directly to the issue of Rule 23(f)'s flexibility and make clear that its deadline is not subject to equitable tolling. To begin with, Rule 23(f) itself conditions the possibility of an appeal on the filing of a petition "within 14 days" of "an order granting or deny-

—————

"jurisdictional" as we use that term today.

ing class-action certification." Federal Rule of Appellate Procedure 5(a)(2) likewise says that a petition for permission to appeal "must be filed within the time specified." To be sure, the simple fact that a deadline is phrased in an unqualified manner does not necessarily establish that tolling is unavailable. See Fed. Rule App. Proc. 2 (allowing suspension of other Rules for "good cause"); Fed. Rule App. Proc. 26(b) (similar); Fed. Rule Crim. Proc. 45(b) (similar); Fed. Rule Civ. Proc. 6(b) (similar). Here, however, the Federal Rules of Appellate Procedure single out Civil Rule 23(f) for inflexible treatment. While Appellate Rule 2 authorizes a court of appeals for good cause to "suspend any provision of these rules in a particular case," it does so with a conspicuous caveat: "except as otherwise provided in Rule 26(b)." Appellate Rule 26(b), which generally authorizes extensions of time, in turn includes this express carveout: A court of appeals "may not extend the time to file . . . a petition for permission to appeal." Fed. Rule App. Proc. 26(b)(1). In other words, Appellate Rule 26(b) says that the deadline for the precise type of filing at issue here may not be extended. The Rules thus express a clear intent to compel rigorous enforcement of Rule 23(f)'s deadline, even where good cause for equitable tolling might otherwise exist.

Precedent confirms this understanding. *Carlisle*, 517 U. S. 416, and *Robinson*, 361 U. S. 220, both centered on Federal Rule of Criminal Procedure 45(b), an extension-of-time provision that parallels Appellate Rule 26(b). *Carlisle* addressed Rule 45(b)'s interaction with the time limit in Criminal Rule 29 for filing a postverdict motion for judgment of acquittal. See 517 U. S., at 419–423. Rule 45(b), as it was then written, made clear that "'the court may not extend the time for taking any action'" under Rule 29, "'except to the extent and under the conditions'" stated therein. *Id.,* at 421. Because the Court found the text's purpose to foreclose acceptance of untimely motions

"plain and unambiguous," the Court held that the District Court lacked that authority. *Ibid.* Likewise, in *Robinson*, the Court held that an earlier iteration of Rule 45(b) that said "'the court may not enlarge . . . the period for taking an appeal'" prohibited a court from accepting a notice of appeal that was untimely filed. 361 U. S., at 224 (quoting Fed. Rule Crim. Proc. 45(b)).

Because Rule 23(f) is not amenable to equitable tolling, the Court of Appeals erred in accepting Lambert's petition on those grounds.

## III

Lambert resists the foregoing conclusion on a variety of grounds. None withstands scrutiny.

Most pertinently, Lambert argues that the above-mentioned Rules are less emphatic than they first appear. Rule 26(b)'s general grant of authority to relax time limits, he notes, refers both to "extend[ing]" the time to file a petition for permission to appeal and "permit[ting]" a petition to be filed after the deadline. See Fed. Rule App. Proc. 26(b) ("For good cause, the court may extend the time prescribed by these rules . . . to perform any act, *or* may permit an act to be done after that time expires" (emphasis added)). Rule 26(b)(1) then prohibits courts only from "extend[ing] the time to file," while making no further mention of "permit[ting] an act to be done after that time expires." In Lambert's view, Rule 26(b)(1)'s prohibition on "extend[ing] the time to file" a petition for permission to appeal therefore should be understood to foreclose only formal extensions granted *ex ante*, and to leave courts free to excuse late filings on equitable grounds after the fact.

Whatever we would make of this contention were we writing on a blank slate, this Court has already rejected an indistinguishable argument in *Robinson*. There, Rule 45(b) generally authorized both "'enlarg[ing]'" a filing

period and "'permit[ting] the act to be done after [its] expiration,'" then specifically forbade "'enlarg[ing] . . . the period for taking an appeal.'" 361 U. S., at 223. The lower court had accepted a late filing on the ground that to do so "would not be to 'enlarge' the period for taking an appeal, but rather would be only to 'permit the act to be done' after the expiration of the specified period." *Ibid.*; see also *id.*, at 230 (Black and Douglas, JJ., dissenting). This Court reversed, explaining that acceptance of the late filing did, in fact, "enlarge" the relevant filing period. *Id.,* at 224. Lambert offers no sound basis for reading Rule 26(b) differently, and none is apparent. Cf. *Torres* v. *Oakland Scavenger Co.*, 487 U. S. 312, 315 (1988) ("Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to permitting courts to extend the time for filing a notice of appeal").[4]

Likewise unavailing is Lambert's reliance on the 1998 Advisory Committee Notes to Rule 23(f), which say that a petition "may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." Advisory Committee's Notes on 1998 Amendments to Fed. Rule Civ. Proc. 23, 28 U. S. C. App., p. 815; see also *Microsoft Corp.* v. *Baker*, 582 U. S. ___, ___–___ (2017) (slip op., at 6–8). That comment, however, speaks to a court of appeals' discretion to decide whether a particular certification decision warrants review in an interlocutory posture,

———————

[4] Lambert's other textual arguments center on rules addressed to appeals as of right. See Brief for Respondent 9–12, 17–18, 36–38 (discussing, *e.g.*, Fed. Rules App. Proc. 3 and 4). As noted above, Rules 5 and 26 specifically address petitions for permission to appeal from nonfinal orders such as the one at issue here. Lambert's attempts to reason by implication from other, inapposite Rules therefore bear little weight. See *Manrique* v. *United States*, 581 U. S. ___, ___–___ (2017) (slip op., at 6–7).

not its determination whether a petition is timely.   If anything, the comment serves as a reminder that interlocutory appeal is an exception to the general rule that appellate review must await final judgment—which is fully consistent with a conclusion that Rule 23(f)'s time limit is purposefully unforgiving.   See *Mohawk Industries, Inc.* v. *Carpenter*, 558 U. S. 100, 106 (2009) ("The justification for immediate appeal must . . . be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes"); cf. *Baker*, 582 U. S., at ___ (slip op., at 6) (describing Rule 23(f) as "the product of careful calibration").[5]

Finally, Lambert notes that every Court of Appeals to have considered the question would accept a Rule 23(f) petition filed within 14 days of the resolution of a motion for reconsideration that was itself filed within 14 days of the original order.   See 870 F. 3d, at 1177–1178, n. 3 (collecting cases).   Although Lambert's own reconsideration motion was not filed until after the initial 14 days had run,[6] he cites the lower courts' handling of such cases as evidence that Rule 23(f) is indeed amenable to tolling.   He further suggests that there is no basis for relaxing the 14-day limit in one situation but not the other.

Lambert's argument relies on a mistaken premise.   A

---

[5] Lambert also argues that interpreting Rule 23(f) flexibly would be consistent with the Rules' generally equitable approach.   Brief for Respondent 21—27.   But that simply fails to engage with the dispositive point here: Any such background preference for flexibility has been overcome by the clear text of the relevant rules.   See, *e.g., Young* v. *United States*, 535 U. S. 43, 49 (2002).

[6] Lambert argues that his counsel's statements 10 days after the District Court's decertification order constituted an oral motion for reconsideration, but the transcript belies any such claim.   See App. to Pet. for Cert. 71 (requesting only "leave to file"); *id.,* at 74 (informing the District Court that Lambert "will want to file" a reconsideration motion).

timely motion for reconsideration filed within a window to appeal does not toll anything; it "renders an otherwise final decision of a district court not final" for purposes of appeal. *United States* v. *Ibarra*, 502 U. S. 1, 6 (1991) (*per curiam*). In other words, it affects the antecedent issue of when the 14-day limit begins to run, not the availability of tolling. See *id.,* at 4, n. 2 (noting that this practice is not "a matter of tolling").[7]

## IV

Lambert devotes much of his merits brief to arguing the distinct question whether his Rule 23(f) petition was timely even without resort to tolling. First, he argues that, even if his motion for reconsideration was not filed within 14 days of the decertification order, it was filed within the time allowed (either by the Federal Rules or by the District Court at the March 2 hearing). The timeliness of that motion, Lambert contends, "cause[d] the time to appeal to run from the disposition of the reconsideration motion, not from the original order." Brief for Respondent 8; see *id.,* at 9–18. Alternatively, he argues that the District Court's order denying reconsideration was itself "an order granting or denying class-action certification" under

—————

[7]We therefore have no occasion to address the effect of a motion for reconsideration filed within the 14-day window. Moreover, because nothing the District Court did misled Lambert about the appeal filing deadline, see *supra,* at 1–2, we similarly have no occasion to address the question whether his motion would be timely if that had occurred. See *Carlisle* v. *United States*, 517 U. S. 416, 428 (1996); *id.,* at 435–436 (GINSBURG, J., concurring) (discussing *Thompson* v. *INS*, 375 U. S. 384, 386–387 (1964) (*per curiam*), and *Harris Truck Lines, Inc.* v. *Cherry Meat Packers, Inc.*, 371 U. S. 215, 216–217 (1962) (*per curiam*)). We also have no occasion to address whether an insurmountable impediment to filing timely might compel a different result. Cf. Fed. Rule App. Proc. 26(a)(3) (addressing computation of time when "the clerk's office is inaccessible").

Rule 23(f).  *Id.,* at 8–9, 19–20.  The Court of Appeals did not rule on these alternative grounds, which are beyond the scope of the question presented.  Mindful of our role, we will not offer the first word.  See *United States* v. *Stitt*, 586 U. S. ___, ___ (2018) (slip op., at 9); *Pacific Bell Telephone Co.* v. *linkLine Communications, Inc.*, 555 U. S. 438, 457 (2009).  If the Court of Appeals concludes that these arguments have been preserved, it can address them in the first instance on remand.

\*    \*    \*

The relevant Rules of Civil and Appellate Procedure clearly foreclose the flexible tolling approach on which the Court of Appeals relied to deem Lambert's petition timely. The judgment of the Court of Appeals is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*