**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TROY LAMBERT, on Behalf of Themselves and All Others Similarly Situated, | No. 15-56423 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-05942-AB-E |
| v. | MEMORANDUM* |
| NUTRACEUTICAL CORP., | |
| Defendant-Appellee. | |

On Remand from the United States Supreme Court

Before: PAEZ, BERZON, and CHRISTEN, Circuit Judges.

Troy Lambert petitions under Federal Rule of Civil Procedure 23(f) for leave to appeal the district court's order decertifying the proposed class in this case. In a prior opinion, we held that the Rule 23(f) 14-day deadline was equitably tolled under the circumstances presented here, but the Supreme Court reversed. *See*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 713, 717–18 (2019).[1]  The Court remanded for us to address Lambert's alternative arguments that his Rule 23(f) petition was timely without resort to equitable tolling.  *Id*. at 717.  We conclude that his petition is untimely, and therefore dismiss the petition.

The only question we must answer is whether Lambert's Rule 23(f) petition is timely where, following the district court's scheduling order, Lambert filed a motion for reconsideration 20 days after the district court's decertification order and then filed a Rule 23(f) petition 14 days after the denial of the motion for reconsideration.  *Id*. at 713.

Lambert raises three arguments on remand from the Supreme Court.  It appears that Lambert's first two arguments were not raised in his initial appellate briefs.  We recognize, however, that "it is claims that are deemed waived or forfeited, not arguments."  *United States v. William*, 846 F.3d 303, 311 (9th Cir. 2016) (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)).  We therefore address the new arguments and the one that was earlier raised but conclude all lack merit.

**1.**     Lambert first argues that his Rule 23(f) petition was timely because his

[1] The Court did, however, affirm our holding that Rule 23(f) "is properly classified as a nonjurisdictional claim-processing rule." *Nutraceutical*, 139 S. Ct. at 714.  It disagreed with our application of equitable tolling because it concluded that the governing rules of procedure "speak directly to the issue of Rule 23(f)'s flexibility and make clear that its deadline is not subject to equitable tolling." *Id*. at 715.

motion for reconsideration was filed within the time allowed by Federal Rule of Civil Procedure 59(e)[2] and the time to file a petition ran from the disposition of the reconsideration motion, not the decertification order. This argument is unavailing. In *Nutraceutical*, the Supreme Court noted that "[a] timely motion for reconsideration filed within a window to appeal . . . 'renders an otherwise final decision of a district court not final.'" 139 S. Ct. at 717. Thus, a timely motion for reconsideration "does not toll anything" but rather "affects the antecedent issue of when the 14-day limit begins to run." *Id*. By extension, if a motion for reconsideration is filed *after* the Rule 23(f) 14-day window to file a petition passes, then the district court's order has already become final and the untimely motion cannot impact the antecedent issue of when the 14-day period begins to run. *Cf. Hibbs v. Winn*, 542 U.S. 88, 98 (2004) (holding that "[b]ecause [28 U.S.C.] § 2101(c)'s 90-day limit [for petition for certiorari] had not yet expired, the clock could still be reset"). In other words, Lambert cannot resuscitate the Rule 23(f) deadline by filing a motion for reconsideration after the 14-day period has expired.

**2.**     Lambert also argues that his Rule 23(f) petition was timely because the motion for reconsideration was filed within the time limit set by the district court, causing the time to appeal to run from the court's disposition of the reconsideration

_____

[2] Rule 59(e) provides that a motion for reconsideration must be filed "no later than 28 days after the entry of the judgment."

motion.  This argument, however, contravenes the Supreme Court's unequivocal conclusion "that Rule 23(f)'s time limit is purposefully unforgiving," *Nutraceutical*, 139 S. Ct. at 716, and "[t]he Rules thus express a clear intent to compel rigorous enforcement of Rule 23(f)'s deadline," *id*. at 715.  While the district court has authority to set deadlines for motions for reconsideration, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010), that authority does not allow the court to extend the deadline for seeking leave to appeal under Rule 23(f).  *See United States v. W.R. Grace*, 526 F.3d 499, 511 (9th Cir. 2008) (noting that "whatever the scope of this inherent power [of federal courts to formulate procedural rules], it does not include the power to develop rules that circumvent or conflict with the Federal Rules" (internal alterations and quotation marks omitted)).

3.     Last, Lambert argues that the district court's decision denying the motion for reconsideration constituted an "order granting or denying class-action certification" under Rule 23(f), and therefore triggered a new 14-day window to appeal.  Lambert asserts that it constituted a new certification order because the district court altered the decertification order by directing Lambert's counsel to give notice to the class of the decertification and, alternatively, because the reconsideration denial with its notice provision falls within the plain language of Rule 23(f).  As we previously pointed out, other circuits that have considered

motions for reconsideration filed more than 14 days after the order granting or denying certification have suggested or held that petitioners may receive an additional 14 days to file a Rule 23(f) petition *only if* the motion for reconsideration was granted and changed the status quo of class certification. *See Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1181 n.8 (9th Cir. 2017)*, rev'd on other grounds*, 139 S. Ct. 710 (2019). Here, the district court denied Lambert's motion for reconsideration and did not change the status quo of class certification. In ordering counsel to give notice of class decertification, the district court did not change the status quo of class certification itself. Moreover, we note that the district court explicitly instructed Lambert not to file a new motion for class certification and Lambert's counsel stated on the record that it was counsel's intention to file only a motion for reconsideration. Allowing Lambert to restyle his motion for reconsideration as a motion to recertify the class would defeat the function of the Rule 23(f) deadline.

We therefore reject Lambert's arguments and dismiss the petition as untimely.

**PETITION DISMISSED.**