**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6445**

PAUL E. SEELIG,

       Plaintiff - Appellant,

     v.

KENNETH LASSITER; LARRY DAIL; THOMAS ASBELL; DAVID MAY, JR.; PAULA PAGE; TOMMY PAGE; CAPTAIN FIELDS; CAPTAIN JOHNSON; CAPTAIN ENSLOW; LT. SUGGS; LT. ARTIS; LT. HALL; LT. PHILLIPS; LT. HOLLOWELL; SGT. WILLIAMS; SGT. MS. WILLIAMS; SGT. HAWKINS; SGT. FORBES; SGT. OLIVER; SGT. JONES; SGT. DIXON; SGT. DAWSON; SGT. SHIRLEY; SGT. MARKER; SGT. BOONE; SGT. MORGAN; SGT. COOPER; SGT. FARROW; MS. HENSON; MR. BYNUM; MRS. BYNUM; MR. HAGGERTY; MS. PHILLIPS; MS. LEE; MS. PULLY; MS. ASWELL; MR. DANT; MS. TORRES; MS. BOYLES; MS. HAWKINS; MR. BURRUS; MR. WARD; MS. WILLIAMS; MR. MOORE; MS. DIXON; MR. COLE; MS. LEVI; OFFICER HILLARD; MR. LANCASTER; MR. MILLARD; MR. STOCKS; MR. MOSS; MR. SPIVEY; MR. SHINGLETON; MR. DUPREE; MR. BITTLE; MR. APPENHEIMER; MS. PEDEXA; MS. KUNE; MR. CELLNER; MR. JOHNSON; MS. EGMENTON; MR. ROBERTS; MR. HUNTER; MS. SMALLWOOD; MR. BEDMON; MS. SHEPPARD; MR. TYSON; MR. HARRIS; MR. MOORE; MR. SKINNER; MR. BRIGHT; MR. HASSELL; MR. KENNEDY; MR. MITCHELL; MR. CORNELIUS; MS. STEWART; MR. NEWBORN; MR. STREETER; MR. HARRISON; MS. WEST; MS. JONES; MR. HARVEY; MR. BROCK; MR. DAWSON; MR. CANNON; MR. YOUNG; MR. HAM; NURSE MS. SMITH; MS. MOORE; MS. MILLER; MS. WATSON; MR. KEARNEY; JOHN DOES 1-100; JANE DOES 1-100,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-ct-03206-D)

Submitted:  August 20, 2019                                    Decided:  September 5, 2019

Before THACKER and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Paul E. Seelig, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul E. Seelig seeks to appeal from the district court's order: granting in part his motion to appoint counsel; dismissing his claim under 42 U.S.C. § 1983 (2012) and certain Defendants; dismissing his requests for punitive and compensatory damages; allowing his claims under the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 to 12213 (West 2013 & Supp. 2019) (ADA) to proceed; directing that he file a response explaining the specific role of each Defendant with respect to his ADA claims; denying his motions to assign the action to another district judge, to certify the action as a class action, and for a preliminary injunction and a temporary restraining order; denying the motions for sanctions and to issue a writ of mandamus filed by a nonparty; and dismissing as duplicative any attempt by Seelig to assert a claim raised in prior litigation. We dismiss the appeal.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). In large part, the order Seelig seeks to appeal is neither a final order nor an appealable interlocutory[*] or

---

[*] An order denying a preliminary injunction is an immediately appealable interlocutory order. 28 U.S.C. § 1292(a)(1). However, we lack jurisdiction to review the denial of a temporary restraining order. *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-05 (1985); *Drudge v. McKernon*, 482 F.2d 1375, 1376 (4th Cir. 1973) (per curiam). One of Seelig's motions requested a preliminary injunction and a temporary restraining order. Because a "court may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and Seelig did not provide any notice of the motion to Defendants, we construe this motion to be requesting only a temporary restraining order.

3

collateral order. This court may permit an interlocutory appeal from an order denying class certification, but an appellant must petition this court for leave to appeal within 14 days after the order is entered. Fed R. Civ. P. 23(f); *see Nutraceutical Corp. v. Lambert*, ___ U.S. ___, 139 S. Ct. 710, 714 (2019) (holding that Rule 23(f)'s time limitation is not jurisdictional). Seelig did not petition this court for permission to appeal the portion of the order denying his request for class certification as required by Rule 23(f).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*