NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>MICHAEL FEINBERG,<br><br>　　　　Defendant-Appellant. | No.　22-10295<br><br>D.C. No.<br>4:18-cr-01786-JAS-DTF-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>BETSY FEINBERG,<br><br>　　　　Defendant-Appellant. | No.　22-10299<br><br>D.C. No.<br>4:18-cr-01786-JAS-DTF-2 |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted October 23, 2024
Phoenix, Arizona

Before:  M. SMITH, BADE, and FORREST, Circuit Judges.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants Michael and Betsy Feinberg were tried and convicted for conspiracy to commit wire fraud, conspiracy to commit securities fraud, and multiple counts of securities fraud. Defendants were ordered to return $4,925,134.79 in restitution to their victims. On appeal, Defendants argue that the district court erred in denying their Rule 29 motion for judgment of acquittal and in entering its order of restitution. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

1. Defendants argue that the district court erred in denying their motion for judgment of acquittal because the government presented insufficient evidence of their intent to defraud their investors. "It is settled law that intent to defraud may be established by circumstantial evidence." *United States v. Rogers*, 321 F.3d 1226, 1230 (9th Cir. 2003). At trial, the government presented multiple forms of circumstantial evidence from which a rational juror could conclude that Defendants intended to defraud. This included evidence of Defendants' repeated misrepresentations to investors; their improper use of investor funds; and their long-running and coordinated scheme. Based on this evidence, viewed in the light most favorable to the prosecution, *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc), a rational juror could infer "the existence of a scheme

2

which was 'reasonably calculated to deceive persons of ordinary prudence and comprehension.'" *United States v. Green*, 745 F.2d 1205, 1207 (9th Cir. 1984) (quoting *United States v. Bohonus*, 628 F.2d 1167, 1172 (9th Cir. 1980)); *see also United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008); *United States v. Boone*, 951 F.2d 1526, 1537 (9th Cir. 1991); *United States v. Jones*, 472 F.3d 1136, 1140 (9th Cir. 2007). This evidence is sufficient to establish intent to defraud. *Green*, 745 F.2d at 1208; *see also United States v. Miller*, 953 F.3d 1095, 1102–03 (9th Cir. 2020).[1]

2.    Defendants also challenge the district court's restitution order. Defendants filed their notices of appeal in November 2022, following the sentencing hearing at which the district court imposed its judgment and sentence. But Defendants did not file notices of appeal after the December 2022 restitution hearing at which the district court entered its restitution order. Therefore, as in

---

[1] The government urges us to apply plain error review to this issue based on its contention that Defendants failed to renew their motion for judgment of acquittal at the end of the trial. However, the trial transcript reflects that, at the close of trial, Defendants "move[d] for a judgment notwithstanding the verdict and also renew[ed] every objection that was made." The district court then denied Defendants' "renewal of the motion for judgment of acquittal" for "the same reasons" that it denied "the original Rule 29 motion." The government does not address these statements or present any reason why they are insufficient to constitute renewal of Defendants' motion. Therefore, we determine that Defendants properly renewed their motion, and de novo review is applicable. *United States v. Dearing*, 504 F.3d 897, 900 (9th Cir. 2007).

3

*Manrique v. United States*, Defendants' "notice[s] of appeal could not have been 'for review' of the restitution order," and Defendants "thus failed to properly appeal" the restitution order. 581 U.S. 116, 120 (2017). Under these circumstances, *Manrique* instructs that we have a "mandatory" duty to dismiss the portion of Defendants' appeal challenging the restitution order. *Id.* at 122 (quoting *Eberhart v. United States*, 546 U.S. 12, 18 (2005)); *see also Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192–93 (2019) (discussing mandatory claim-processing rules).

**AFFIRMED in part and DISMISSED in part.**