[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12965

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PENDER SENATUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cr-80029-KAM-1

_____

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Pender Senatus appeals from his conviction and sentence for possession of ammunition by a convicted felon, for which judgment was entered on April 12, 2019. The government moves to dismiss this appeal as untimely. In response, Senatus acknowledges that his notice of appeal is untimely but asserts that we should not dismiss his appeal because he is entitled to equitable relief from Fed. R. App. P. 4(b)'s 14-day time limit.

We conclude that Senatus's notice of appeal is untimely. Senatus's notice of appeal is deemed filed on August 29, 2022, under the prison mailbox rule, more than 14 days after entry of judgment and more than 30 days after the expiration of the appeal period. *See* Fed. R. App. P. 4(b)(1)(A)(i), (b)(4), (c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Because the government has raised the timeliness issue, we "must apply the time limits of Rule 4(b)" and dismiss this appeal. *United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009). Senatus is not entitled to any equitable relief from Rule 4(b)'s time limit because, although Rule 4(b) is not jurisdictional, it is a mandatory claim-processing rule that is not subject to equitable tolling. *See id.*; *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192-94 (2019); *Manrique v. United States*, 581 U.S. 116, 121 (2017); Fed. R. App. P. 26(b)(1).

Accordingly, we GRANT the government's motion to dismiss and DISMISS this appeal as untimely.