NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARVEST AID, LLC, a California limited liability company, | No. 24-7375 |
| Plaintiff - Appellee, | D.C. No. 2:21-cv-04154-SSS-KS |
| v. | |
| WAX WORKS, INC., a Kentucky corporation, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| v. | |
| STEVEN PAUL, an individual; ECHO BRIDGE ACQUISITION CORP., LLC; SP RELEASING, LLC, a California limited liability company, | |
| Defendant-third-pty-plaintiffs - Appellants. | |

| | |
|---|---|
| HARVEST AID, LLC, | No. 25-2589 |
| Plaintiff - Appellee, | D.C. No. 2:21-cv-04154-SSS-KS |
| v. | |
| STEVEN PAUL; ECHO BRIDGE | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ACQUISITION CORP., LLC; SP RELEASING, LLC,

           Defendant-third-pty-plaintiffs - Appellants,

  v.

WAX WORKS, INC.,

           Third-pty-defendant.

---

HARVEST AID, LLC, a California limited liability company,

           Plaintiff - Appellant,

  v.

WAX WORKS, INC., a Kentucky corporation,

           Defendant,

  v.

STEVEN PAUL, an individual; ECHO BRIDGE ACQUISITION CORP., LLC; SP RELEASING, LLC, a California limited liability company,

           Defendant-third-pty-plaintiffs - Appellees.

No. 25-2711

D.C. No.
2:21-cv-04154-SSS-KS

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Argued and Submitted February 12, 2026
Pasadena, California

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Harvest Aid sued Steven Paul, SP Releasing, LLC, and Echo Bridge Acquisition Corp., LLC (collectively, "Defendants") for copyright infringement in violation of 17 U.S.C. § 501 and circumvention of copyright protection systems in violation of 17 U.S.C. § 1201.  A jury returned a verdict in favor of Harvest Aid and against Defendants on all counts.  Following the entry of judgment, Harvest Aid filed a timely motion for attorneys' fees and costs, and Defendants timely moved for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. The district court denied the motions for failure to comply with the pre-filing conference of counsel requirements under Central District of California Local Rule 7-3 and its Civil Standing Order, without reaching the merits of the motions.  The district court subsequently granted Harvest Aid's second motion for attorneys' fees and costs and amended the entry of judgment accordingly.

These consolidated cases involve three separate appeals: (1) Defendants' appeal of the order denying their motions for a new trial; (2) Defendants' appeal of the order granting Harvest Aid's second motion for attorneys' fees and costs; and (3) Harvest Aid's conditional cross-appeal of the order denying the first motion for attorneys' fees and costs.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand in the first appeal; affirm in part and reverse in part the award of attorneys' fees and costs in the second appeal; and dismiss the third appeal.

1. The district court abused its discretion in denying Defendants' motions for a new trial for failure to comply with Local Rule 7-3 and the Civil Standing Order. The district court failed to give due weight to Defendants' good-faith efforts to comply with Local Rule 7-3 and Harvest Aid's opportunistic refusals to cooperate, thereby inequitably depriving Defendants of an opportunity to litigate the merits of their motions for a new trial.

We review a district court's application of local rules for abuse of discretion. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). Local Rule 7-3 requires that "counsel contemplating the filing any motion" first contact opposing counsel to discuss the substance of the contemplated motion "at least 7 days prior to the filing of the motion." C.D. Cal. R. 7-3. "Failure" to comply "may result in the motion being denied." *Id*. The district court's Civil Standing Order contains a similar meet-and-confer requirement.

Here, counsel for Defendants repeatedly attempted to meet and confer with Harvest Aid's counsel prior to filing their motions for a new trial. Twelve days before the filing deadline, Defendants retained Arthur H. Barens, APC ("the Barens firm") "to handle limited post-trial matters." The Barens firm, though not counsel of record,[1] requested to meet and confer with Harvest Aid's counsel about

---

[1] Harvest Aid maintains that it did not have to respond to the Barens firm's requests to meet and confer because the Barens firm was not counsel of record. Although the Barens firm was not counsel of record, Harvest Aid's counsel was

a contemplated motion for a new trial, but Harvest Aid's counsel never responded. Five days before the filing deadline, the district court granted Defendants' counsel's emergency motion to withdraw and substituted Hamrick & Evans LLP as counsel of record. Four days later, Hamrick & Evans LLP requested a meet-and-confer with Harvest Aid's counsel to discuss Defendants' motions for a new trial, but Harvest Aid's counsel failed to join the scheduled call that evening. Thus, here, Defendants made substantial documented efforts to comply with Local Rule 7-3, but Harvest Aid's counsel either did not respond or failed to show up.

Moreover, the denial of Defendants' motion was effectively with prejudice given the strict deadlines imposed by Rule 59, which requires that a motion for a new trial be filed no later than 28 days after the entry of judgment and does not permit equitable tolling or any extensions. *See* Fed. R. Civ. P. 59(b); *id.* 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 59(b)."); *cf. Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192–93 (2019) (explaining that "[w]here the pertinent rule or rules invoked show a clear intent to preclude tolling, courts are without authority to make [equitable] exceptions" to a deadline, and that language in a rule providing that "the deadline . . . may not be extended" evinces such an intent). Defendants' newly retained counsel, who entered the case only a

---

told that the Barens firm had been retained for the limited purpose of handling post-trial matters and therefore had the authority to request a meet-and-confer regarding Defendants' motions for a new trial.

few days before the filing deadline, made reasonable efforts to comply with Local Rule 7-3 while also meeting the strict time requirements of Rule 59.

We have explained that the Federal Rules of Civil Procedure should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). The same is true of local rules.

Accordingly, we vacate the district court's order denying Defendants' motions for a new trial and remand so that the district court may consider the merits of Defendants' motions in the first instance. *See Kode v. Carlson*, 596 F.3d 608, 611–13 (9th Cir. 2010).

2. In the second appeal, we affirm in part and reverse in part the district court's award of attorneys' fees and costs. Defendants argue that Harvest Aid's renewed motion for attorneys' fees was untimely because it was filed much later than 14 days after entry of judgment, which is the default deadline imposed for such motions, and no valid extension of that deadline was granted. *See* Fed. R. Civ. P. 6(b)(2), 54(d)(2)(B)(i). Our disposition of the first appeal moots this argument. Rule 54's 14-day deadline to move for attorneys' fees "is tolled pending the outcome of post-trial motions under Rule 50 or Rule 59," such that a motion for attorneys' fees "is timely if filed no later than 14 days after the

resolution of [such a post-trial] motion." *Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005). Because we have vacated the district court's order denying Defendants' motions for a new trial, those motions will be unresolved, or pending, on remand. If the district court grants the motions for a new trial, it will necessarily vacate its award of fees. But if the district court denies those motions, Harvest Aid may file a supplemental motion for attorneys' fees, which will be timely if filed within 14 days. *See id.*; Fed. R. Civ. P. 54(d)(2)(B). Because Defendants do not appeal the award of attorneys' fees on any basis other than their mooted argument challenging the timeliness of Harvest Aid's motion for such fees, we affirm the district court's award of attorneys' fees.[2]

We reverse, however, the district court's determination of costs. Under 17 U.S.C. § 505, a party is entitled to recover "only the six categories [of taxable costs] specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 336–37 (2019). As specified in its bill of costs, Harvest Aid incurred $16,355.65 in taxable costs.[3]

---

[2] The district court may vacate or modify the award based on the disposition of the motions for a new trial or any other matter subsequently arising. *See Montana v. Talen Mont., LLC*, 130 F.4th 675, 691 (9th Cir. 2025).

[3] Defendants contend that Harvest Aid is entitled only to $14,402.23, arguing that the $1,953.42 in costs associated with Greg Schoener's testimony is a non-recoverable expert witness fee. *See* C.D. Cal. R. 54-3.6. Defendants forfeited

The district court's award of $26,638.80 was therefore erroneous.  Accordingly, we vacate the award of attorneys' fees, and reverse in part the award of non-taxable costs.

3.  Because we did not reverse the fees-and-costs award on timeliness grounds, we do not need to reach the merits of Harvest Aid's conditional cross-appeal.  The third appeal is therefore dismissed as moot.

**No. 24-7375 VACATED AND REMANDED; No. 25-2589 AFFIRMED IN PART AND REVERSED IN PART; No. 25-2711 DISMISSED.**

---

this objection by failing to raise it below.  *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009).