# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-8010

ROBERT J. MATZ, individually and on behalf of
    all others similarly situated,

*Petitioner/Cross-Respondent*,

*v.*

HOUSEHOLD INTERNATIONAL TAX REDUCTION
    INVESTMENT PLAN,

*Respondent/Cross-Petitioner*.

Petition and Cross-Petition for Leave to Appeal
from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 96 C 1095—**Joan B. Gottschall**, *Judge*.

SUBMITTED MAY 4, 2012—DECIDED JULY 19, 2012

Before POSNER, RIPPLE, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff in this long-running class action suit under ERISA asks us for leave to appeal under Fed. R. Civ. P. 23(f) from an order by the district court partially decertifying the class by eliminating some 3000 to 3500 members—a reduction of between 57 and

71 percent of the membership (we are not given data that would permit a more precise estimation). The defendant has cross-petitioned for leave to appeal; it wants to argue that the entire class should have been decertified; but its appeal is untimely and is therefore dismissed.

The defendant questions our authority to entertain the plaintiff's petition. Rule 23(f) authorizes a court of appeals to "permit an appeal from an order granting or denying class-action certification." The rule doesn't mention modifications of the scope of a previously certified class. The committee note to the 1998 amendment that added subsection (f) to Rule 23, after stating that "appeal from an order granting or denying class certification is permitted in the sole discretion of the court of appeals," adds that "no other type of Rule 23 order is covered by this provision"—but then fogs the issue by stating that the rule confers on the court of appeals "a discretionary power to grant interlocutory review in cases that show appeal-worthy certification issues."

We cannot find a case that discusses whether the modification of an order certifying a class is appealable under the rule. But our decision in *Gary v. Sheahan*, 188 F.3d 891, 893 (7th Cir. 1999) (citations omitted), hints at an affirmative answer. We said that "if in response to a belated motion for reconsideration [of an order certifying or refusing to certify a class] the judge materially alters the decision, then the party aggrieved by the alteration may appeal within the normal time. Thus, had the district judge granted defendant's motion and decertified the class, plaintiffs would have had ten [now

14] days under Rule 23(f) to seek permission to appeal. Instead, however, the judge denied the motion and left the class definition in place." But the order sought to be appealed from in that case denied decertification rather than, as in this case, granting it in part.

Citing *Gary* and amplifying its hint, the Tenth Circuit in *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191 (10th Cir. 2006), said that "an order that leaves class-action status unchanged from what was determined by a prior order is not an order 'granting or denying class action certification.' Of course, when the district court accepts a suggestion and the certification decision is changed, the new order, *to the extent it modifies the prior order, is indeed such an order and an interlocutory appeal under Rule 23(f) is permitted*" (emphasis added). Finally, several opinions imply that an order granting reconsideration of, or allowing an amendment to, an order granting or denying certification is appealable under Rule 23(f) if it changes the "status quo." See *Fleischman v. Albany Medical Center*, 639 F.3d 28, 31-32 (2d Cir. 2011) (per curiam), and cases cited there. But it is unclear whether the courts in those cases would consider a change short of reversing the previous order a change in the status quo.

We think, borrowing the language of the *Gary* case, that an order materially altering a previous order granting or denying class certification is within the scope of Rule 23(f) even if it doesn't alter the previous order to the extent of changing a grant into a denial or a denial into a grant. This is best seen by imagining that rather than altering a class that the court had already certified the district

judge had at the outset certified a narrower class than proposed by the plaintiff. That order would have been appealable by either party, or so at least the cases assume, see *Kartman v. State Farm Mutual Automobile Ins. Co.*, 634 F.3d 883, 888 (7th Cir. 2011); *Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 896-97 (7th Cir. 1999); *Hohider v. United Parcel Service, Inc.*, 574 F.3d 169, 174-75 (3d Cir. 2009); *Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718, 721 (9th Cir. 2007); *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 423 (4th Cir. 2003); *Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13, 17-18 (2d Cir. 2003), albeit without discussion of the issue—yet the assumption seems obviously correct. We don't see why it should make a difference that the order modifying the class requested by the plaintiff came later. The difference is between one order and two orders that accomplish the same thing.

Although we thus have jurisdiction over the plaintiff's petition for leave to appeal, his challenge to the judge's ruling altering the class—the challenge that he asks us to address by allowing the appeal—does not satisfy the criteria for a Rule 23(f) appeal. The petition is therefore

DENIED.