PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-8056
_____

JOANNE WOLFF,
individually and on behalf of a Class of Similarly Situated
Individuals

v.

AETNA LIFE INSURANCE COMPANY;
THE RAWLINGS COMPANY

Aetna Life Insurance Company,
                                        Petitioner
_____

On Petition for Permission to Appeal from the
United States District Court
for the Middle District of Pennsylvania
District Court No. 4-19-cv-01596
Chief District Judge:  The Honorable Matthew W. Brann
_____

Argued June 28, 2023

Before: JORDAN, SHWARTZ, and SMITH,
*Circuit Judges*

(Filed: August 9, 2023)

John P. Elliott
Kyle M. Elliott
Stewart J. Greenleaf, Jr.
Mark J. Schwemler [ARGUED]
Elliott Greenleaf
925 Harvest Drive
Suite 300
Blue Bell, PA 19422
    *Counsel for Petitioner Aetna Life Insurance Co*

Charles Kannebecker [ARGUED]
104 W High Street
Milford, PA 18337
    *Counsel for Respondent Joanne Wolff, individually
    and on behalf Of a Class of Similarly Situated
    Individuals*

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

2

Federal Rule of Civil Procedure 23(f) ("Rule 23(f)" or "23(f)") authorizes interlocutory review of orders "granting or denying class-action certification." Fed. R. Civ. P. 23(f). To seek interlocutory review under Rule 23(f), a party must file a 23(f) petition within fourteen days of such an order. *Id.* Here, Aetna Life Insurance Company ("Aetna") filed a 23(f) petition months after the District Court certified a class, but fourteen days after the District Court revised its class certification order by rewording the class definition. This case requires us, therefore, to clarify when modifications to a prior class certification order entitle litigants to a new fourteen-day period to file a 23(f) petition.

We hold that a modified class certification order triggers a new 23(f) petition period only when the modified order materially alters the original order granting (or denying) class certification. And because the District Court's revision did not effect such a material change, we will deny Aetna's 23(f) petition as untimely.

## I.   BACKGROUND

We begin with a look at the text of Rule 23(f). We then outline the factual and procedural background of the underlying dispute before addressing Aetna's 23(f) petition.

### A.  Rule 23(f)

A class action is a form of aggregate litigation in which one or more plaintiffs litigate claims on behalf of a larger group, known as a class. It has been described as "an ingenious procedural innovation that enables persons who have suffered

a wrongful injury, but are too numerous for joinder of their claims[,] . . . to obtain relief as a group." *Eubank v. Pella Corp.*, 753 F.3d 718, 719 (7th Cir. 2014). Rule 23 of the Federal Rules of Civil Procedure establishes the modern class action mechanism and provides fundamental procedural guidance to govern its utilization. *See* Fed. R. Civ. P. 23. Subparts (a) and (b) of Rule 23 task district courts with determining whether a particular claim is amenable to class resolution and lays out the criteria for when a class should be certified. *See* Fed. R. Civ. P 23(a)–(b). Traditionally, parties could not seek interlocutory review of a district court's class certification order. *See, e.g.*, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 (1978). Instead, to appeal an order granting or denying class certification, parties had to wait for a final order.

As class actions grew in significance, lawyers and courts soon realized that while not *technically* a final order, "the class-action 'certification decision [was] often decisive as a practical matter.'" *In re Nat'l Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 577 (3d Cir. 2014) (quoting Fed. R. Civ. P. 23, advisory committee's note to 1998 amendment). Indeed, we have previously recognized that "certifying [a] class may place unwarranted or hydraulic pressure to settle on defendants." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 165 (3d Cir. 2001).

In response, litigants attempted creative end runs that might enable them to seek immediate review of class

4

certification orders.[1] For example, the so called "death knell" doctrine posited that the stakes in class certification were so high that a district court's decision to grant or deny class certification effectively concluded the action and so constituted a final order. Though some lower courts accepted the death knell doctrine, the Supreme Court rejected it in *Coopers & Lybrand*. 437 U.S. 474–77. Another pre-23(f) tactic that litigants employed was to seek immediate review of class certification orders through the collateral order doctrine. But the Supreme Court rejected this approach as well. *Coopers & Lybrand*, 437 U.S. at 469. Resort to 28 U.S.C. § 1292 and actions for mandamus were yet two other means by which parties sought interlocutory review of class certification rulings, but these avenues, too, proved unsuccessful. *See, e.g.*, *Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480–81 (1978) (rejecting a party's attempt to use 28 U.S.C. § 1292(a)(1) to obtain interlocutory review of a class certification order); *Will v. United States*, 389 U.S. 90, 95 (1967) (cautioning courts that mandamus is an "extraordinary remedy" appropriate in "only exceptional circumstances amounting to a judicial 'usurpation of power'").

In 1998, the Advisory Committee on Civil Rules responded to concerns about the non-appealability of class certification orders by adopting Rule 23(f), which permits

---

[1] For a historical account of how litigants tried to obtain interlocutory review of orders granting or denying class certification before Rule 23(f) was enacted, see ROBERT H. KLONOFF, CLASS ACTIONS AND OTHER MULTI-PARTY LITIGATION: CASES AND MATERIALS 697–701 (4th ed. 2017).

interlocutory appellate review of a district court's order "granting or denying class-action certification." Fed. R. Civ. P. 23(f). While Rule 23(f) allows parties to seek immediate appeal of class certification orders, "the courts of appeals have very broad discretion in deciding whether to grant permission to pursue a Rule 23(f) appeal." *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192 (3d Cir. 2008); *see also In re Nat'l Football League*, 775 F.3d at 578 ("Rule 23(f) is premised on the notion that a court of appeals' grant of a petition for interlocutory review is discretionary."). On this point, the Advisory Committee's Note accompanying Rule 23(f) states that in deciding whether to grant a 23(f) petition, a "court of appeals is given unfettered discretion . . . akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." Fed. R. Civ. P. 23, advisory committee's note to 1998 amendment; *see also id.* ("Permission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive.").

But this broad discretion extends only to petitions for interlocutory review that fall within Rule 23(f)'s text. And the drafters of Rule 23(f) chose to impose a strict time limit for seeking immediate review of a district court's order granting or denying class certification by requiring that a party petition for review "within 14 days after the order is entered."[2] Fed. R. Civ. P. 23(f). This Court has previously recognized that 23(f)'s

---

[2] Initially, Rule 23(f) established a ten-day time limit for petitions. Rule 23(f) was amended in 2009 to increase the time limit to fourteen days. Fed. R. Civ. P. 23, advisory committee's note to 2009 amendment.

time limit "is strict and mandatory," *Gutierrez*, 523 F.3d at 192, and the Supreme Court has characterized the time limit as "purposefully unforgiving," *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 716 (2019). If a petition is untimely, appellate courts cannot consider it.

## B. Factual Background

Joanne Wolff was covered by a long-term disability plan provided by her employer, Bank of America, and administered by Aetna. In 2015, Wolff was seriously injured in a car accident. Because of her injuries, Wolff received disability benefits from Aetna pursuant to her disability plan.

In 2017, Wolff received a personal injury settlement payment from the party responsible for the 2015 accident. After Wolff received her settlement, Aetna sought to collect some of the settlement funds to recoup the disability benefits it had paid to Wolff following the car accident. But Wolff maintained that, under the terms of her plan, Aetna was not entitled to recoup disability payments from the third-party settlement paid to her for her personal injuries. Nevertheless, in 2018, Wolff did repay a portion of the disability payouts that Aetna demanded.

## C. Procedural Background

Wolff filed a putative class action against Aetna in 2019. Wolff alleged that, according to the terms of her disability plan, Aetna had no right to recoup Aetna's disability plan payments from Wolff's personal injury settlement. Wolff further alleged that Aetna's disability plans utilized standard

7

form language without meaningful variation both within and between employers—*i.e.*, the plan language on the recoupment of personal injury payments was similar regardless of whether the disability plan member was employed by Bank of America or a different employer. So if it were impermissible for Aetna to recoup disability payments from Wolff's personal injury settlement, the same would be true for any other person who enrolled in Aetna's standard form disability plan through his or her employer. Accordingly, Wolff sought to certify a nationwide class composed of all employees who had enrolled in an Aetna standard form disability plan—beyond just Bank of America employees—who were allegedly coerced into repaying a portion of their disability payments from their personal injury recoveries.

Aetna opposed class certification. It argued that the language in its disability plans varied from plan to plan. Therefore, Wolff could not demonstrate the cohesiveness required for class certification because whether Aetna could recoup disability payments from personal injury recoveries hinged on individualized questions that were incapable of classwide resolution. Specifically, Aetna argued that the District Court should deny class certification because Wolff's proposed class did not meet Rule 23(b)(3)'s requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

The District Court was not persuaded that varying plan language precluded class certification, and on May 25, 2022, granted Wolff's motion for class certification (the May 25

8

order certifying the class will be referred to as the "Class Certification Order"). In granting class certification, the District Court determined that while "there are some differences in the language used in each plan[] . . . the specific language that . . . would permit Aetna to seek reimbursement from personal injury recoveries is absent from each plan." *Wolff v. Aetna Life Ins. Co.*, No. 4:19-CV-01596, 2022 WL 1672128, at *8 (M.D. Pa. May 25, 2022). The District Court certified a class defined as follows:

> All persons who were injured and received long-term disability benefits from the defendants as a result of an injury causing event and as against whom defendant sought or recovered reimbursement of long-term disability benefits it had paid to insured from the insureds' tort recoveries and who suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss of enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to the defendant as a result of defendants' wrongful reimbursement demands and actions based on a violation of the policy. 23(f) Pet. Ex. C, Dist. Ct. May 25 Class Cert. Order pp. 1–2 ("Class Cert. Order").

9

After the District Court certified the class, Aetna took no action to challenge the Class Certification Order within Rule 23(f)'s fourteen-day period. Three weeks later, on June 15, 2022, Wolff filed a proposed class notice.[3] Aetna filed objections to Wolff's proposed notice on June 23, 2022. Aetna objected to, *inter alia*, the class definition as being "fail-safe" in nature.[4] To remedy any fail-safe concerns, Aetna proposed minor modifications to the class definition. Wolff responded to Aetna's objections on July 26, 2022, and agreed to adopt most of Aetna's revised definition. Even so, the District Court had

---

[3] Under Rule 23, a district court overseeing a class action seeking damages must provide absentee "class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Among other items, the notice must inform class members of "the nature of the action," the class definition, and that absentee class members may be bound by a judgment in the action if they do not opt out of the class. *Id.*

[4] A fail-safe class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Byrd v. Aaron's Inc*., 784 F.3d 154, 167 (3d Cir. 2015), *as amended* (Apr. 28, 2015) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)). While we have never expressly held that fail-safe classes are impermissible, other circuits, such as the Seventh Circuit, have held that fail-safe classes are improper because they enable one-way intervention. *Messner*, 669 F.3d at 825 ("[A fail-safe] class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment.").

10

yet to make any modifications to its May 25 order certifying the class.

On August 17, 2022, nearly three months after the District Court certified a class, Aetna filed a motion to reconsider the Class Certification Order. Aetna's primary argument was that the District Court failed to perform a rigorous analysis before certifying the class.[5] According to Aetna, the District Court improperly "deferred" until after certification "several fact and legal questions underlying [] Rule 23['s] requirements," including whether Aetna's disability plans across employers contained enough language in common to warrant class treatment. Case No. 4:19-cv-01596-MWB, ECF No. 134, Brief in Support of Mot. for Reconsideration p. 1. Aetna justified its 84-day delay in challenging the Class Certification Order by pointing to this Court's decision in *Allen v. Ollie's Bargain Outlet*, 37 F.4th 890 (3d Cir. 2022), filed on June 24, 2022. The opinion in that case, Aetna argued, provided intervening and novel authority to guide district courts in the Third Circuit in their analysis of the requirements for Rule 23 class certification. Aetna also raised fail-safe arguments similar to those it had raised in the June 15 objections to Wolff's proposed class notice.

---

[5] As we discuss below, prior to certifying a class, a district court must perform a "'rigorous analysis'" to ensure that the "'prerequisites' of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008), *as amended* (Jan. 16, 2009) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

On November 22, 2022, the District Court filed an order granting in part and denying in part Aetna's motion for reconsideration. 23(f) Pet. Ex. A, Dist. Ct. Nov. 22 Reconsideration Order (the "Reconsideration Order"). As to Aetna's argument that the District Court failed to rigorously analyze potential variations in disability plan language, the District Court rejected Aetna's assertion that *Ollie's Bargain* "broke [] new ground" that required the District Court to alter its precertification inquiry. *Wolff v. Aetna Life Ins. Co.*, No. 4:19-CV-01596, 2022 WL 17156911, at *4 (M.D. Pa. Nov. 22, 2022). Instead, the District Court reaffirmed its prior analysis, noting that "nothing in the relevant plans leads the Court to conclude that variations in the plan language prevents certification." *Id.* The District Court did, however, reword the class definition to address a potential fail-safe issue. *Id.* at 6. The District Court revised the class definition to read as follows:

> All persons who, between August 8, 2013 and November 30, 2017, were members of a long-term disability benefits plan insured and administered by Defendant Aetna Life Insurance Company, were insured under a long-term disability policy that did not identify personal injury recoveries as "Other Income Benefits," were injured and received long-term disability benefits from Aetna Life Insurance Company as a result of an injury causing event, and as against whom Aetna Life Insurance Company sought or recovered reimbursement of such long-term disability benefits from funds received from the

12

person's personal injury recovery. Reconsideration Order pp. 1–2.

On December 6, 2022, fourteen days after the District Court's Reconsideration Order and 195 days after the Class Certification Order, Aetna filed the 23(f) petition now before us. In its petition and opening brief, Aetna asserted that we should grant the petition because "the district court disregarded this Court's recent precedent in *Allen v. Ollie's Bargain*" by certifying a class without performing "Rule 23's required 'rigorous analysis.'" 23(f) Pet. p. 1. In response, Wolff asserted that we should deny Aetna's petition because it is "patently untimely." 23(f) Opposition p. 1. Wolff asserted that the District Court's "November 22 [Reconsideration Order] did not change the status quo of class certification." *Id.* at 2. She therefore contended that Aetna was required to file a 23(f) petition within fourteen days of May 25, 2022, which it failed to do. In its reply, Aetna argued for the first time that its 23(f) petition was timely because "the district court materially altered its analysis to comply with [*Ollie's Bargain*] in a manner that materially altered the composition of the class." Reply p. 1. Aetna therefore asserted that "[t]he fourteen-day period for seeking appeal under [23(f)] [] began to run from November 22, 2022." *Id.*

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 28 U.S.C. § 1331. This Court has broad discretion to grant or deny timely

13

petitions for interlocutory review under Rule 23(f) and 28 U.S.C. § 1292(e). *Gutierrez*, 523 F.3d at 191–92.[6]

## III. ANALYSIS

### A. Aetna's 23(f) petition is untimely unless the Reconsideration Order materially altered the May 25 Class Certification Order.

At the outset, we must determine when a revised class certification order triggers a new time period during which a party may file a 23(f) petition. Here, Aetna filed its 23(f) petition fourteen days after the Reconsideration Order, but 195 days after the District Court originally certified the class. Thus, if the date of the Class Certification Order starts the fourteen-day clock, Aetna's petition is untimely. But if the date of the Reconsideration Order is the proper reference point, then Aetna's petition is timely.[7]

---

[6] While "Rule 23(f)'s time limitation . . . is properly classified as a nonjurisdictional claim-processing rule," *Lambert*, 139 S. Ct. at 714, we cannot grant untimely 23(f) petitions. *Id.* at 714, 716 (rejecting the notions that the nonjurisdictional nature of Rule 23(f)'s time limit, or an appellate court's broad discretion in adjudicating 23(f) petitions, allows an appellate court to grant an untimely 23(f) petition).

[7] This is not a situation in which Aetna's motion for reconsideration delayed the running of Rule 23(f)'s limitation period. We previously have recognized that when a party files

In *Gutierrez*, we asserted that a revised class certification order "will not revive" 23(f)'s time limit if the revision "does not change the status quo." 523 F.3d at 193. Subsequent cases from our sister circuits have equated this status quo language with a materiality requirement. For example, in *Driver v. AppleIllinois, LLC*, the Seventh Circuit noted that it had held, "and other courts of appeals have implied," that a revised class certification order triggers a new 23(f) time period only when the revision "materially altered a previous order granting or denying class certification." 739 F.3d 1073, 1076 (7th Cir. 2014) (cleaned up) (citing, among other cases, *Gutierrez*, 523 F.3d at 193).[8]

Today we make clear what we suggested in *Gutierrez*: a revision to a class certification order establishes a new

_____

a motion to reconsider a district court's class certification order before Rule 23(f)'s time period has elapsed, the fourteen-day clock starts afresh when "the district court rules on the motion to reconsider." *Gutierrez*, 523 F.3d at 193. Because Aetna moved for reconsideration well beyond Rule 23(f)'s fourteen-day window, that rule plainly is not implicated here.

[8] *See also In re Advanced Rehab & Med., P.C.*, No. 20-0506, 2021 WL 3533492, at *1 (6th Cir. Apr. 27, 2021) ("[T]he circuit courts to have considered the issue generally agree that orders materially altering a prior order granting or denying certification fall within Rule 23(f)."); *Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 635 (9th Cir. 2020); *In re Wholesale Grocery Prod. Antitrust Litig.*, 849 F.3d 761, 765 (8th Cir. 2017); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191 (10th Cir. 2006).

15

fourteen-day time limit for a 23(f) petition only when the revision materially changes the original order granting or denying class certification.[9] In assessing materiality, substance is more important than form, and our focus is on a revision's "practical effect on the class." *Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 636 (9th Cir. 2020). A material change could arise, for example, when a district court changes the class definition to account for a new theory of liability or decertifies a broad segment of the class. On the other hand, if a district court, in substance, "merely reaffirm[s] its prior ruling," or makes changes for clarity, then there is no material change. *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005).

Rule 23(f)'s text demands such a standard. Rule 23(f) permits interlocutory review only of "an order granting or denying class-action certification." Fed. R. Civ. P. 23(f). When

---

[9] Our holding, of course, in no way alters *Gutierrez*'s acknowledgement that when a party files a motion to reconsider an order granting or denying class certification before Rule 23(f)'s time period has elapsed, the clock is restarted and "does not begin to run until the district court rules on the motion to reconsider." 523 F.3d at 193. But as we implied in *Gutierrez*, and as we hold today, when a district court materially revises an order granting or denying class certification, the district court has promulgated a *new* order granting or denying class certification. Thus, under Rule 23(f), a party has fourteen days to petition for appellate review of that new order, regardless of whether the revised class certification order was issued in response to a motion for reconsideration filed within Rule 23(f)'s fourteen-day appeals window.

16

a district court materially alters a class certification order, the district court has effectively entered a new order granting or denying class certification. By its terms, then, Rule 23(f) affords parties a new fourteen-day period to file a petition challenging the new order. And if a party does seek 23(f) review, it is this new order—not the original class certification order—that we review. *See Walker*, 953 F.3d at 635. By contrast, when a district court does not materially change its previous class certification order, the original class certification order remains the appropriate reference point for determining whether a 23(f) petition is timely.

In determining whether there has been a material change, we are also mindful of the Seventh Circuit's recognition in *Driver* of the importance of the materiality requirement because it prevents parties from "fil[ing] Rule 23(f) petitions whenever there was the slightest change in the class definition." *Driver*, 739 F.3d at 1076. Rule 23 vests district courts with oversight of class actions. If subtle definitional changes were sufficient to trigger a new 23(f) time limit, district courts would be required to manage class actions with the ever-present potential for frequent appellate intervention.

With this framework in mind, we turn next to considering whether the Reconsideration Order constituted a material change. This inquiry is determinative of the timeliness of Aetna's petition.

**B. Aetna's 23(f) Petition is untimely because the Reconsideration Order did not materially change the Class Certification Order.**

17

In comparing the language of the Reconsideration Order to that of the Class Certification Order, it is readily apparent to us that the revisions were limited to minor changes in the class definition. The District Court's accompanying memoranda support that conclusion. The District Court's Reconsideration Order changed the class definition in three ways. First, the District Court narrowed the class period by limiting it to claims that arose between August 8, 2013, to November 30, 2017. Second, while the original class definition referred to individuals who "received long-term disability benefits from the defendants," Class Cert. Order pp. 1–2, the revised definition clarified that it encompasses individuals who enrolled in "disability benefit plan[s] insured and administered by Defendant Aetna," Reconsideration Order pp. 1–2. Finally, the revised definition stated that only individuals covered by disability plans that "did not identify personal injury recoveries" as a potential source of recoupment for Aetna's disability payments would be members of the class, thereby clarifying the theory of why those class members had been harmed. *Id.*

While it is easy to imagine hypothetical changes to a class definition that would effect a material change—after all, the class definition is at the heart of a class action—the changes to the class definition here were much more akin to minor clarifications of the Class Certification Order than material alterations. In *Matz v. Household Int'l Tax Reduction Inv. Plan*, for example, the Seventh Circuit held that a district court materially altered a previous class certification order because

18

it "partially decertif[ied] the class by eliminating some 3000 to 3500 members—a reduction of between 57 and 71 percent of the membership." 687 F.3d 824, 825 (7th Cir. 2012). By contrast here, the new definition will not have such a far-reaching practical effect on the class.[10]

Nor did the District Court alter its analysis to conform with what Aetna claimed were novel requirements imposed by *Ollie's Bargain*. There was no need to do so. *Ollie's Bargain* ushered in no changes to our standard for when a class should be certified. We held in 2008 that a district court, before certifying a class, must conduct a "rigorous" analysis and "find that the evidence more likely than not establishes each fact necessary to meet the requirements of Rule 23." *Hydrogen Peroxide*, 552 F.3d at 318–20. And as we noted there, this requirement has a long lineage that traces back to the Supreme Court's 1982 opinion in *Falcon*. *Id.* at 309 (quoting *Falcon*, 457 U.S. at 161 (asserting that class certification is proper only "if the trial court is satisfied, after a rigorous analysis, that

---

[10] We are mindful, too, that it was Aetna—the party who filed the 23(f) petition—that suggested the definitional change that it now claims is the basis for a new 23(f) time limit. *Wolff*, 2022 WL 17156911, at *6 ("Wolff has agreed to largely adopt Aetna's proposed definition, with minor modifications. The Court will [] amend the class definition in line with this compromise."). While materiality is the focus here in determining whether Aetna's petition is timely, we would also be hesitant to use our discretion to grant a 23(f) petition when the basis for the petition is shrouded in what are, to us, incomprehensible tactical maneuvers.

19

[Rule 23's] prerequisites" are met)). *Ollie's Bargain* did no more than reaffirm that precedent by asserting that Rule 23 "requires a showing that each of [its] requirements has been met by a preponderance of the evidence at the time of class certification." *Ollie's Bargain*, 37 F.4th at 901 (quoting *Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 184 (3d Cir. 2019)). And indeed, the District Court acknowledged as much in explaining that *Ollie's Bargain* did not demand any alterations to the Class Certification Order because it "did not introduce a change in the controlling law." *Wolff*, 2022 WL 17156911, at *4 (internal quotation marks omitted).

To the extent that Aetna contends that *Ollie's Bargain* somehow changed the rigorous analysis that a district judge is required to perform before ruling on a class certification motion, Aetna is mistaken. We are at a loss to understand why, if Aetna wanted to challenge the District Court's alleged failure to rigorously analyze whether plan language variation should preclude class certification, Aetna failed to file a 23(f) petition within fourteen days of the original Class Certification Order. Nothing in *Ollie's Bargain* excuses the untimeliness. Further, because the District Court correctly observed that *Ollie's Bargain* did not necessitate a revised precertification analysis, the fact that the decision was issued after the May 25 Class Certification Order has no bearing on the question of materiality.

In sum, the November 22, 2022, Reconsideration Order made no material change to the Class Certification Order entered on May 25, 2022. The changes to the class definition were minor, and their practical effect on the class will be, at

20

most, limited. Nor did the District Court alter its analysis to conform with any intervening authority. Thus, the proper reference point for assessing the timeliness of Aetna's 23(f) petition is May 25, 2022. And because Aetna did not file the 23(f) petition within fourteen days of May 25, its petition is untimely and we will deny it.

## IV.   CONCLUSION

For the foregoing reasons, Aetna's petition to appeal under Federal Rule of Civil Procedure 23(f) will be DENIED.

21