23-0992-cv
*Malek v. Feigenbaum, et al.*

# In the
# United States Court of Appeals
# For the Second Circuit

AUGUST TERM 2023
No. 23-992

**JOEL J. MALEK,**
**individually and on behalf of all others similarly situated,**
*Plaintiff-Appellant,*

— v. —

**LEONARD FEIGENBAUM, AXA EQUITABLE LIFE INSURANCE CO., DOES 1–1000,**
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of New York

ARGUED: APRIL 10, 2024
DECIDED: SEPTEMBER 11, 2024

Before:      WALKER and MENASHI, *Circuit Judges,* and CHOUDHURY, *District Judge.*[*]

Plaintiff-Appellant Joel J. Malek appeals from the entry of a judgment in the United States District Court for the Eastern District of New York (Gujarati, *J.*) dismissing his complaint and denying leave to amend. Defendants-Appellees

---

[*] Judge Nusrat J. Choudhury of the United States District Court for the Eastern District of New York, sitting by designation.

move to dismiss the appeal for lack of appellate jurisdiction, arguing that Malek failed to timely file a notice of appeal. More specifically, Defendants-Appellees argue that Malek's service of a motion for reconsideration upon them did not constitute the filing of the motion in the district court and therefore did not toll the thirty-day deadline to file a notice of appeal of the district court's dismissal order or judgment under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure.

We reiterate our holding in *Weitzner v. Cynosure, Inc.*, 802 F.3d 307 (2d Cir. 2015), that Appellate Rule 4(a)(4)(A) requires that a post-judgment motion be timely filed—not merely timely served—under the timeline set by the Federal Rules of Civil Procedure. We further conclude that under *Nutraceutical Corp. v. Lambert*, 586 U.S. 188 (2019), Appellate Rule 4(a)(4)(A) is a mandatory claim-processing rule subject to waiver and forfeiture but not subject to equitable tolling or harmless error analysis. In so concluding, we recognize that *Nutraceutical* abrogated the contrary presumption in *Weitzner* that mandatory claim-processing rules are subject to equitable exceptions. Properly analyzed, Malek's notice of appeal was untimely.

Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.

GREGORY A. FRANK (Marvin L. Frank, *on the brief*), Frank LLP, New York, NY, *for Plaintiff-Appellant*.

JAY B. KASNER (Kurt Wm. Hemr, Alisha Q. Nanda, Sam Auld, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for Defendant-Appellee AXA Equitable Life Insurance Co.*

DANIEL SCOTT FURST (Marc J. Ross, A.R. John Hitchings, *on the brief*), Sichenzia Ross Ference Carmel LLP, New York NY, *for Defendant-Appellee Leonard Feigenbaum.*

NUSRAT J. CHOUDHURY, *District Judge*:

Plaintiff-Appellant Joel J. Malek appeals from the entry of judgment in the United States District Court for the Eastern District of New York (Gujarati, *J.*) dismissing his complaint and denying leave to amend. Defendant-Appellee AXA Equitable Life Insurance Company ("Equitable") and Defendant-Appellee Leonard Feigenbaum (with Equitable, "Defendants") move to dismiss the appeal for lack of appellate jurisdiction, arguing that Malek failed to timely file a notice of appeal. More specifically, Defendants argue that Malek's service of a motion for reconsideration upon them did not constitute the filing of the motion in the district court and therefore did not toll the thirty-day deadline to file a notice of appeal of the district court's dismissal order or judgment under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. In opposition, Malek argues that service of the motion for reconsideration on Defendants tolled the deadline for filing a notice of appeal because such service occurred within the twenty-eight-day deadline for filing a motion for reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure.

We reiterate our prior holding in *Weitzner v. Cynosure, Inc.*, 802 F.3d 307 (2d Cir. 2015), that Appellate Rule 4(a)(4)(A) requires that a post-judgment motion be

3

timely filed—not merely timely served—under the timeline set by the Federal Rules of Civil Procedure. We further conclude that under *Nutraceutical Corp. v. Lambert*, 586 U.S. 188 (2019), Appellate Rule 4(a)(4)(A) is a mandatory claim-processing rule subject to waiver and forfeiture but not subject to equitable tolling or harmless error analysis. In so concluding, we recognize that *Nutraceutical* abrogated the contrary presumption in *Weitzner* that mandatory claim-processing rules were subject to equitable exception. Properly analyzed, Malek's notice of appeal, filed more than five weeks after the district court's order of dismissal and judgment, was untimely. Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.

## BACKGROUND

On October 9, 2020, Malek filed the complaint in the action below, alleging that Defendants engineered and implemented a "deceptive marketing conspiracy" to trick him and a nationwide class of other Equitable life insurance consumers into replacing their existing life insurance policies with Equitable's more expensive, less valuable, and riskier policies. The complaint alleges that Defendants accomplished this scheme—to which Malek refers as "twisting"— through marketing materials that "deceptively 'compare' the existing insurance

with the replacement insurance and offer incomplete disclosure of the benefits of maintaining existing insurance." Joint App'x at 17.

The complaint alleges violations of New York common and statutory law, as well as violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. The parties briefed a motion to dismiss. Following oral argument on the motion, the district court issued a March 29, 2023 order dismissing the complaint and denying leave to amend. The district court found that all of Malek's New York claims were time-barred and that Malek failed to plead the existence of a RICO "enterprise." The clerk entered judgment on March 31, 2023.

On April 14, 2023, sixteen days after the March 29, 2023 order dismissing the complaint, Malek served Defendants with a motion for reconsideration of that order under the District Court's Local Rule 6.3. Malek also filed a cover letter on the docket indicating service of the motion. Defendants served Malek with their responses to the motion on April 28, 2023. Malek replied and filed the fully-briefed motion for reconsideration on the docket on May 5, 2023—thirty-seven days after the March 29, 2023 order dismissing the case and thirty-five days after the March 31, 2023 entry of judgment dismissing the case.

Malek filed the motion for reconsideration once it became fully briefed after consulting Judge Gujarati's Individual Practice Rule III.B, which "**requests**" "[a]s a courtesy to the Court" "**that the parties refrain from filing motion papers until the motion has been fully briefed, unless doing so might cause a party to miss an applicable deadline**." Add. to Equitable's Br. at 8 (emphasis in original); Malek's Br. at 13. This so-called "bundling" rule also "remind[s]" parties that "the Court of Appeals will not accept an argument that compliance with district court motion rules should excuse noncompliance with the time limits set forth in Fed. R. App. 4."[1] Add. to Equitable's Br. at 8.

On May 30, 2023, the district court found that Malek failed to demonstrate that reconsideration was warranted and denied the motion. On June 29, 2023,

---

[1] Judge Gujarati's full rule addressing the service and filing of motions states:

> **As a courtesy to the Court, the Court requests that the parties refrain from filing motion papers until the motion has been fully briefed, unless doing so might cause a party to miss an applicable deadline. . . .** Parties are reminded that the Court of Appeals will not accept an argument that compliance with district court motion rules should excuse noncompliance with the time limits set forth in Fed. R. App. 4. . . . **If any party concludes in good faith that delaying the filing of a motion in order to comply with any aspect of these Individual Practice Rules will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil, Criminal, and/or Appellate Procedure.**

Add. to Equitable's Br. at 8.

Malek filed the notice of appeal, stating that he appeals from the March 29, 2023 order that "dismissed Plaintiff's complaint with prejudice pursuant to Fed. R. Civ. P. 12 (ECF No. 47)." Joint App'x at 350. The notice further states that "Plaintiff timely moved to reconsider the March 29 Order, but the Court denied that motion in its Order of May 30, 2023 . . . ." Joint App'x at 350.

On July 14, 2023, Defendants filed a motion to dismiss this appeal for lack of appellate jurisdiction, arguing that Malek failed to file a timely notice of appeal under Appellate Rule 4(a)(1)(A). More specifically, Defendants argue that because Malek did not timely file his motion for reconsideration, that motion did not toll the thirty-day deadline to file his notice of appeal under Appellate Rule 4(a)(4)(A).[2] Malek argues in opposition that he served the motion for reconsideration on Defendants within the timeframe required by Civil Rules 59 and 60, and the Local and Individual Rules of the District Court, and that service satisfied the

---

[2] An amendment to Appellate Rule 4 not material to this case took effect on December 1, 2023. Except as otherwise noted, we refer only to the Rule as amended in 2017, which was the version in effect when Malek filed his notice of appeal.

requirements of Appellate Rule 4(a)(4)(A), thus tolling the thirty-day deadline for filing a notice of appeal under Appellate Rule 4(a)(1)(A).

On October 10, 2023, a motions panel of this Court referred Defendants' motion to dismiss to this panel and identified the following three issues for the parties to brief in the appeal: (1) whether our decision in *Weitzner*, 802 F.3d 307 remains good law after both *Nutraceutical*, 586 U.S. 188, and post-*Weitzner* changes to Appellate Rule 4(a)(4)(A); (2) whether the appeal from the judgment is timely under the now-applicable authorities; and (3) whether Malek's notice of appeal can be liberally construed as appealing from the May 30, 2023 order denying reconsideration.

## DISCUSSION

"In a civil case, except as provided in [Appellate] Rules 4(a)(1)(B), 4(a)(4) and 4(c), the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This rule is both "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal quotation marks omitted). Consequently, the Court lacks appellate jurisdiction over an untimely appeal. *See id.* at 213.

Our Court has held that Appellate Rule 4(a)(4)(A)(vi) requires timely

8

filing—not merely timely service—of a post-judgment motion to toll the deadline for filing a notice of appeal, *see Weitzner*, 802 F.3d at 309, and that compliance with a district court's bundling rule will not excuse noncompliance with federal appellate deadlines, even where the bundling rule is a mandatory requirement rather than a courtesy to the district court, s*ee id.* at 312–13. As all parties to this appeal recognize, *Weitzner*'s reasoning equally extends to the provision at issue here: Appellate Rule 4(a)(4)(A)(iv). We now consider whether *Weitzner* remains good law following a 2016 amendment to the text of Appellate Rule 4(a)(4)(A) and the Supreme Court's decision in *Nutraceutical*, 586 U.S. 188 regarding mandatory claim-processing rules.

For the reasons set forth below, we conclude that, after *Nutraceutical*, *Weitzner* remains good law, in most but not all respects. We reiterate *Weitzner*'s holding that Appellate Rule 4(a)(4)(A) requires filing—not merely service on an opposing party—of a post-judgment motion under the time limits set by the Federal Rules of Civil Procedure in order to toll the thirty-day deadline to file a notice of appeal. We also conclude, however, that notwithstanding our contrary presumption in *Weitzner*, Appellate Rule 4(a)(4)(A) is a mandatory claim-processing rule that is subject to forfeiture and waiver but not subject to equitable

tolling or harmless error analysis.

**I.   *Weitzner*'s Central Holdings Remain Good Law Following the 2016 Amendment to Rule 4(a)(4)(A) and *Nutraceutical*.**

In *Weitzner*, the appellee argued that this Court lacked appellate jurisdiction because the appellants filed the notice of appeal outside of the thirty-day limit of Appellate Rule 4(a)(1)(A). *See Weitzner*, 92 F.3d at 309. The appellants argued that they tolled the time to appeal under Appellate Rule 4(a)(4)(A)(vi) because they timely served a motion for reconsideration in compliance with the district court's individual practice rule, which required parties to file motions only after they became fully briefed. *See id.* at 308–09.

Our decision in *Weitzner* articulated three central holdings. First, based on the plain text of the rule and its drafting history, we held that Appellate Rule 4(a)(4)(A) required timely "filing"—not just timely "service"—of a motion in order to toll the time to appeal, even when timely service complied with the district judge's bundling rule. *See id.* at 309–10. Second, we held that Appellate Rule 4(a)(4)(A)(vi) was "a claim-processing rule" "subject to equitable exception or waiver" rather than a jurisdictional rule to be strictly enforced, because the time limit set out in the rule was not established by statute. *See id.* at 310–12 (citing *Bowles*, 551 U.S. at 209). Third, we concluded that the appellants did not qualify

for an equitable exception because they failed to ask the district court for leave to timely file the motion and departed from the court's briefing schedule without permission. *See id.* at 312–13.

All three of *Weitzner*'s central holdings remain good law following the 2016 amendment to Appellate Rule 4(a)(4)(A) and *Nutraceutical*. We clarify, however, that while *Weitzner* understandably presumed that all claims-processing rules are subject to both equitable exceptions and waiver, that presumption cannot be maintained after *Nutraceutical*. Rather, as *Nutraceutical* explained, "some claim-processing rules are 'mandatory'—that is, they are 'unalterable' if properly raised by an opposing party," even though they are "subject to waiver and forfeiture." 586 U.S. at 192 (quoting *Manrique v. United States,* 581 U.S. 116, 121 (2017)) (internal quotation marks omitted). We conclude that Appellate Rule 4(a)(4)(A)(iv) is "mandatory" in this sense.

### A. The 2016 Amendment to Appellate Rule 4(a)(4)(A) Requires Timely Filing of a Post-Judgment Motion to Toll the Thirty-Day Deadline to File a Notice of Appeal.

At the time the Court decided *Weitzner*, Appellate Rule 4(a)(4)(A) read: "[i]f a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . ." Fed. R.

App. P. 4(a)(4)(A) (2011). In 2016, an amendment to the Rule deleted the word "timely" and added a clause stating that the time to file an appeal is tolled if a party files a post-judgment motion under the Federal Rules of Civil Procedure "within the time allowed by those rules." Fed. R. App. P. 4(a)(4)(A). The operative Appellate Rule 4(a)(4)(A) thus provided:

> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.

The "motions" referenced in the rule before and after the 2016 amendment include motions to alter or amend the judgment under Rule 59 and motions for relief under Rule 60, if filed within the time allowed for a Rule 59 motion. Fed. R. App. P. 4(a)(4)(A)(iv)—(vi).

Malek argues that the 2016 amendment to Appellate Rule 4 "abrogated" *Weitzner* because it incorporated the Federal Rules of Civil Procedure's delegation of control over the service and filing of motions to district courts. Malek's Br. at 4, 21–22. Because he followed the district court's local rules and the individual judge's recommended bundling practice, Malek argues, the motion for

reconsideration was timely filed for the purposes of Appellate Rule 4(a)(4)(A).[3] We disagree.

The 2016 amendment to Appellate Rule 4(a)(4)(A) addressed a circuit split about whether a post-judgment motion is "timely" for the purposes of tolling where the district court extended the post-judgment motion deadline and no party objected to the extension. *See* Fed. R. App. P. 4 Advisory Committee's Note to 2016 Amendment.[4] More specifically, the circuits disagreed as to whether a party's failure to object in the district court to the timeliness of a post-judgment motion renders that motion timely for the purpose of Appellate Rule 4(a)(4)(A). *Compare Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 476 (6th Cir. 2007) (holding that

---

[3] In a footnote, Malek argues that *Weitzner* "suggested" that filing the cover letter addressing service of the motion on an adversary "constitutes filing for purposes" of Appellate Rule 4(a)(4)(A). Malek's Br. at 22 n.16. As Equitable points out, this is incorrect: the *Weitzner* Court expressly did not consider the question because plaintiffs there did not raise it. *Weitzner*, 802 F.3d at 310 n.3. In any event, filing a notice of motion does not satisfy Appellate Rule 4(a)(4)(A)'s timely filing requirement because the rule requires that a party file the *motion* within the time allowed. *See* Fed. R. App. P. 4(a)(4)(A) ("If a party files in the district court any of the following *motions* . . . .") (emphasis added).

[4] Malek argues that the circuit split referenced in the Advisory Committee's Note had "nothing to do with *Weitzner*, its 'snare,' or motions made pursuant to the bunding rule before this Court—none of which the note even mentions." Malek's Br. at 23. Malek misses the point. Both the Note and the circuit split are about when a post-judgment motion is timely under Appellate Rule 4(a)(4)(A), which is the same question at issue here.

"where a party forfeits an objection to the untimeliness of a Rule 59(e) motion [in the district court], that forfeiture makes the motion 'timely' for the purpose of [Appellate] Rule 4(a)(4)(A)(iv)"), *with Lizardo v. United States*, 619 F.3d 273, 276 (3d Cir. 2010) ("[T]he forfeiture of a timeliness objection in the district court does not render an untimely motion timely for purposes of [Appellate] Rule 4(a)(4)(A) in this Court."). The Advisory Committee Note to the 2016 amendment makes clear that the untimeliness of a motion under Appellate Rule 4(a)(4)(A) "is not altered by . . . another party's consent or failure to object to the motion's lateness[] or the court's disposition of the motion without explicit reliance on untimeliness." Fed. R. App. P. 4 Advisory Committee Note to 2016 Amendment.[5] The 2016 amendment clarifies that if a district court permits a party to file a post-judgment motion after the deadline allowed by the Civil Rules, that motion is still untimely for the purpose of Appellate Rule 4(a)(4)(A). This comports with our reasoning in

---

[5] Malek argues that the Advisory Committee Note's formulation that a motion is "made" is synonymous with "served," *see* Malek's Br. at 23–24, but this interpretation is contradicted by the plain text of the rule, which expressly requires "fil[ing]." Fed. R. App. P. 4(a)(4)(A). The Note also forecloses Malek's argument that Defendants waived a timeliness challenge to the notice of appeal, and that the district court "found that Plaintiff's filings were timely," Malek's Br. at 15, since the untimeliness of a motion under Appellate Rule 4(a)(4)(A) "is not altered by . . . another party's consent or failure to object to the motion's lateness[] or the court's disposition of the motion without explicit reliance on untimeliness." Fed. R. App. P. 4 Advisory Committee Note to 2016 Amendment.

*Weitzner* that compliance with a district judge's individual rules will not immunize a motion from untimeliness for the purpose of Appellate Rule 4(a)(4)(A).

The 2016 amendment to Appellate Rule 4(a)(4)(A) thus supports the Court's holdings in *Weitzner*. First, the 2016 amendment did not disturb *Weitzner*'s holding that Appellate Rule 4(a)(4)(A) is a claim-processing rule because neither Appellate Rule 4(a)(4)(A) nor the twenty-eight-day deadline to file a motion to alter or amend a district court's judgment set by Civil Rule 59(e) is established by statute. *Weitzner*, 802 F.3d at 310–11. And second, just as it did in *Weitzner*, the plain text of Appellate Rule 4(a)(4)(A) forecloses this appeal because it requires the "fil[ing]"—not merely service upon an adversary—of a motion for reconsideration within twenty-eight days after entry of judgment, as permitted by Rule 59(e). Fed. R. App. P. 4(a)(4)(A). The filing requirement is deliberate. The earlier 1993 version of Appellate Rule 4(a)(4) required only service, but in 1995, the Rule was amended to require filing and later amendments preserved that choice. *See Weitzner*, 802 F.3d at 309 n.2.[6]

---

[6] As noted in *Weitzner*, the 1993 version of Appellate Rule 4 referred to "mak[ing]" rather than "filing" a post-judgment motion as follows:

> If any party *makes a timely motion* of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure . . . for relief under Rule 60 if the motion is served within 10 days after the entry of judgment.

Accordingly, these holdings in *Weitzner* remain good law following the 2016 amendment to Appellate Rule 4(a)(4)(A).

**B.      Appellate Rule 4(a)(4)(A) is a Mandatory Claim-Processing Rule.**

*Weitzner*'s second holding is confirmed by *Nutraceutical*, 586 U.S. 188: Appellate Rule 4(a)(4)(A)(vi)—and, by extension, Appellate Rule 4(a)(4)(A)(iv)— is a claim-processing rule. *Nutraceutical* clarifies, however, that Appellate Rule 4(a)(4)(A)(iv) is mandatory and, for that reason, not subject to equitable exceptions.

In *Nutraceutical*, the Supreme Court observed that "[t]he mere fact that a time limit lacks jurisdictional force, however, does not render it malleable in every respect" and explained that "some claim-processing rules are mandatory—that is, they are unalterable if properly raised by an opposing party." *Id.* at 192 (quoting *Manrique*, 581 U.S. at 121) (internal quotation marks omitted). Such mandatory claim-processing rules are subject to waiver and forfeiture but not to equitable tolling or harmless error analysis. *Id.* To determine whether a rule precludes equitable tolling, the Supreme Court looked to "whether the text of the rule leaves room for such flexibility." *Id.* It further noted that "[w]here the pertinent rule or

---

Fed. R. App. P. 4(a)(4)(F), 28 U.S.C. App. (1994) (emphasis supplied); *see also Weitzner*, 802 F.3d at 209 n.2.

16

rules invoked show a clear intent to preclude tolling, courts are without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving." *Id.* at 192–93.

The question in *Nutraceutical* was whether equitable tolling applied to the fourteen-day deadline under Civil Rule 23(f) for a party to seek permission from the court of appeals to immediately appeal a district court order granting or denying class certification. *See id.* at 189–90. The Supreme Court held that "the governing rules . . . make clear that [Rule 23(f)'s] deadline is not subject to equitable tolling." *Id.* at 193. This is so both because the deadline set forth in the rule is "phrased in an unqualified manner," and because the "Federal Rules of Appellate Procedure single out . . . Rule 23(f) for inflexible treatment." *Id.* Specifically, Appellate Rule 26(b), "which generally authorizes extensions of time," *id.* at 193, provides that a court of appeals "may not extend the time to file . . . a petition for permission to appeal," Fed. R. App. P. 26(b)(1). The Supreme Court found that this showed "a clear intent to compel rigorous enforcement of [Civil] Rule 23(f)'s deadline, even where good cause for equitable tolling might otherwise exist." *Nutraceutical*, 586 U.S. at 193.

Applying *Nutraceutical*, Appellate Rule 4(a)(4)(A)(iv) is a mandatory claim-

processing rule subject to waiver and forfeiture, but not subject to equitable tolling or harmless error analysis. First, the plain text of Appellate Rule 4(a)(4)(A), requiring a post-judgment motion to be filed "within the time allowed by [the Federal Rules of Civil Procedure]," Fed. R. App. P. 4(a)(4)(A), is "phrased in an unqualified manner," *Nutraceutical*, 586 U.S. at 193. Second, the Federal Rules of Appellate Procedure single out Appellate Rule 4(a)(4)(A)(iv) for "inflexible treatment," *Nutraceutical*, 586 U.S. at 193, because Appellate Rule 26(b) excludes "a notice of appeal (except as authorized in Rule 4)" from the general authorization for extensions of time, Fed. R. App. P. 26(b)(1).[7] And Appellate Rule 4(a)(4)(A)(iv) only "authorize[s]" tolling when the appellant has filed a Civil Rule 59(e) motion within the deadline set forth in the Federal Rules of Civil Procedure.

In concluding that Appellate Rule 4(a)(4)(A)(iv) is mandatory, we recognize *Weitzner*'s contrary presumption as abrogated. *Weitzner* presumed that if

---

[7] Malek argues that the parenthetical set forth in Appellate Rule 26(b)(1) makes Appellate Rule 4(a)(4)(A) a nonmandatory claim-processing rule because it provides for exceptions. But in *Nutraceutical*, the Court pointed to another example of a mandatory claim-processing rule with a similar reference to exceptions, Federal Rule of Criminal Procedure 45(b), which "made clear that 'the court may not extend the time for taking any action' under [Fed. R. Crim. P.] 29, 'except to the extent and under the conditions' stated therein." *Nutraceutical*, 586 U.S. at 194 (quoting *Carlisle v. United States*, 517 U.S. 416, 421 (1996)) (internal quotation marks omitted). Clearly, then, the exceptions permitted under Appellate Rule 4(a)(4)(A) do not render it a nonmandatory rule.

Appellate Rule 4(a)(4)(A)(vi) was not "jurisdictional," it must be "a claim-processing rule that allows for equitable exceptions." 802 F.3d at 312. That presumption was understandable, as the Supreme Court had not yet set out *Nutraceutical*'s framework for identifying "mandatory" rules. After *Nutraceutical*, however, *Weitzner*'s presumption no longer holds. If a claim-processing rule is "mandatory," it is not susceptible to equitable exceptions. Appellate Rule 4(a)(4)(A)(iv) is mandatory in this sense.[8] *Cf. Smith v. Kenny*, No. 22-1899, 2024 WL 725238, at *1 (2d Cir. 2024) (summary order) (treating Appellate Rules 4(a)(4)(A)(iv)–(vi) as "mandatory"); *Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (similar).

## II. The Appeal is Untimely.

Malek's appeal is untimely under the authorities discussed above, which establish the following standards. A party appealing a district court order or judgment must file a notice of appeal "with the district clerk within 30 days after

---

[8] Like the *Nutraceutical* court, we have "no occasion to address whether an insurmountable impediment to filing timely might compel a different result." *Nutraceutical*, 586 U.S. at 197 n.7. In reserving that possibility, *Nutraceutical* cited only Fed. R. App. P. 26(a)(3), which addresses the computation of time when the clerk's office is inaccessible. *See id.* Because Appellate Rule 26(a)(3) provides a textual basis for altering a filing deadline, it does not provide an "equitable" basis for tolling the appeal period under Appellate Rule 4(A)(4)(a)(iv). To the extent that *Nutraceutical* permits even mandatory rules to remain subject to limited equitable exceptions *in extremis*, we do not foreclose such possibilities.

entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The thirty-day deadline is a jurisdictional rule not subject to waiver, forfeiture, or equitable exception. *Bowles*, 551 U.S. at 213. Under Appellate Rule 4(a)(4)(A), a motion for reconsideration under Civil Rule 59(e) tolls the time to appeal if it is timely filed in the district court no later than twenty-eight days after entry of the judgment. *See* Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e). Timely service alone will not suffice to toll the time to appeal. *Weitzner*, 802 F.3d at 312–13. Appellate Rule 4(a)(4)(A)(iv) is subject to waiver and forfeiture, but is not subject to equitable tolling or harmless-error analysis. *See Nutraceutical*, 586 U.S. at 192–94; *Weitzner*, 802 F.3d at 311.

Malek's appeal is not timely. On April 14, 2023, Malek served Defendants with his motion for reconsideration of the district court's March 29, 2023 order dismissing the complaint; but he did not file the motion until May 5, 2023. The motion was thus filed more than twenty-eight days after the March 29, 2023 order and the March 31, 2023 entry of judgment. *Cf.* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e).[9] As a result, the filing of the motion did not toll the deadline to appeal,

---

[9] Malek filed his motion for reconsideration pursuant to Local Rule 6.3, which we "generally treat[] as having been made under [Civil] Rule 59(e)" for the purpose of

which passed on either April 28, 2023 (thirty days after the March 29, 2023 order dismissing the complaint) or May 1, 2023 (thirty days after the March 31, 2023 entry of judgment).[10]

Malek argues that he is entitled to a "flexible" application of Appellate Rule 4(a)(4)(A) under *Nutraceutical* because he complied with the district court's local rules and individual rules. *See* Malek's Br. at 27–28. But this argument is unpersuasive. The local rules do not supersede the requirements of the federal rules. *See* Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with . . . federal statutes and rules."). Moreover, the district court's individual rules explicitly warned that this Court would not accept such an argument to excuse an untimely notice of appeal.[11]

---

tolling the time to file a notice of appeal. *Lichtenberg v. Besicorp Grp. Inc.*, 204 F.3d 397, 401 (2d Cir. 2000).

[10] Thirty days after March 31, 2023 fell on Sunday April 30, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C).

[11] As noted above, Judge Gujarati's rule explicitly warned litigants that "the Court of Appeals will not accept an argument that compliance with district court motion rules should excuse noncompliance with the time limits set forth in Fed. R. App. 4" and that **"[i]f any party concludes in good faith that delaying the filing of a motion in order to comply with any aspect of these Individual Practice Rules will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil, Criminal, and/or Appellate Procedure**." Add. to Equitable's Br. at 8 (emphasis in original).

Accordingly, the appeal is untimely.

## III. The Notice of Appeal Cannot be Construed to Include the Order Denying Reconsideration.

The final question to consider is whether Malek's notice of appeal can be construed to include the district court's order denying reconsideration. Under Appellate Rule 3(c)(1)(B), a notice of appeal "must . . . designate the judgment—or the appealable order—from which the appeal is taken." This requirement is jurisdictional. *Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (per curiam). However, we construe notices of appeal liberally. *See id.* "In determining whether to permit a defective notice of appeal, this court considers the 'notice of appeal so as to remain faithful to the intent of the appellant, fair to the appellee, and consistent with the jurisdictional authority of this court.'" *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *Conway v. Village of Mount Kisco*, 750 F.2d 205, 211 (2d Cir. 1984)), *overruled on other grounds*, *Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44 (2d Cir. 2022).

Malek's notice of appeal cannot be construed to include the order denying reconsideration because it does not demonstrate an intent to appeal that order. The notice of appeal twice confirms that Malek intended to appeal the March 29, 2023 order dismissing the complaint. First, Malek checked the box to indicate that he

sought to appeal an "order" and identified the date of the order as "March 29, 2023." Joint App'x at 350. Second, Malek describes the order being appealed as one that "dismissed Plaintiff's complaint with prejudice pursuant to Fed. R. Civ. P. 12 (ECF No. 47)" and states that "Plaintiff hereby appeals the dismissal of the complaint with prejudice per Fed. R. App. P. 4(a)(4)(A)." Joint App'x at 350. Third, the notice of appeal refers to the district court's order denying the motion for reconsideration only for the purpose of tolling, explaining that "Plaintiff timely moved to reconsider the March 29 Order, but the Court denied that motion in its Order of May 30, 2023 (no document docketed)." Joint App'x at 350; *see Persico v. Cassadei*, No. 21-16-CV, 2021 WL 5500089, at *1–2 (2d Cir. Nov. 24, 2021) (finding no jurisdiction over order denying reconsideration where plaintiff's notice of appeal, "filed by counsel, indicated that he sought to appeal only" from the district court's order on summary judgment and "mention[ed]" the "motion for reconsideration, but only to show that its filing tolled his time to appeal"). Accordingly, the notice of appeal does not evince Malek's intent to appeal the order denying reconsideration.

Moreover, Malek does not offer, nor does the record support, any equity concerns that might justify construing the notice of appeal to include the order

denying reconsideration. *Cf. Marrero Pichardo*, 374 F.3d at 54–55 (permitting defective notice of appeal where appellant's intent to appeal both the order denying his habeas petition and the subsequent order denying reconsideration was "clear," the government was not "prejudiced or surprised by any defects in [the] notice of appeal," and appellant's "abysmal" counsel forfeited "the strongest and most obvious challenge" to appellant's deportation).[12]

## CONCLUSION

For the reasons set forth above, we **DISMISS** the appeal for lack of appellate jurisdiction.

---

[12] Malek is represented by counsel and thus any equitable considerations that may arise in the filing of a defective notice of appeal by a pro se appellant are simply not present here. *See, e.g., Elliott*, 823 F.3d at 172–73 ("As long as the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction.") (brackets omitted) (quoting *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir.1990)).