24-1551-cv
*Reid v. Mello*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-six.

PRESENT:

> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

Cedric Reid,

   *Plaintiff-Appellant,*

  v.            **24-1551**

The City of New York, Martha W. King, In their official and individual capacity, Cyrus R. Vance, Jr., In their official and individual capacity, Lisa Franchini, In their official and individual capacity, New York County District Attorney's Office, Laura S. Mello,

*Defendants-Appellees*,

**Securus Technologies, In their official and individual capacity,**

*Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Cedric Reid, pro se, Stormville, NY. |
| **FOR DEFENDANTS-APPELLEES THE CITY OF NEW YORK, MARTHA W. KING, AND LAURA S. MELLO:** | Jonathan A. Popolow, Assistant Corporation Counsel (Claude S. Platton, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |
| **FOR DEFENDANTS-APPELLEES CYRUS R. VANCE, JR., LISA FRANCHINI, AND NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE:** | Alex King, Assistant District Attorney (Steven C. Wu, Chief, Appeals Division, *on the brief*), *for* Alvin L. Bragg, Jr., District Attorney for New York County, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on April 24, 2024, is **AFFIRMED**.

Cedric Reid, *pro se*, appeals from the district court's denial of his second reconsideration motion. In 2020, Reid commenced this 42 U.S.C. § 1983 action against the City of New York, the New York County District Attorney's Office, and several officials. Reid contends that a policy of monitoring phone calls by jail detainees violated his constitutional rights, and that the denial of his records requests violated the New York Freedom of Information Law ("FOIL"). In 2022, the district court granted the defendants' motion to dismiss Reid's amended complaint. *Reid v. City of New York*, No. 20-cv-9243, 2022 WL 2967359 (S.D.N.Y. July 27, 2022). Nearly one year later, Reid moved under Federal Rule of Civil Procedure 60(b)(2) for relief from judgment and to file a second amended complaint. The district court denied the motions, concluding that Reid's evidence was submitted to the court before it ruled on the motion to dismiss, and that Reid's proposed amendments were futile. *Reid v. City of New York*, No. 20-cv-9243, 2024 WL 749620 (S.D.N.Y. Feb. 23, 2024). Reid then moved for reconsideration of the Rule 60(b)(2) order, invoking Rule 59(e). The district court denied reconsideration for the reasons set forth in the previous order. *Reid v. City of New York*, No. 20-cv-9243, 2024

3

WL 2925516 (S.D.N.Y. Apr. 24, 2024). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders denying reconsideration for abuse of discretion. *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010). Under this standard, we affirm "unless the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (citation omitted). Because Reid "has been pro se throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

As an initial matter, only the district court's second reconsideration order is before us on appeal. The district court denied Reid's Rule 60(b)(2) motion and motion to amend on February 23, 2024. Reid had 30 days, or until Monday, March 25, 2024, to appeal that order. *See* Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 26(a)(1)(C) (extending period to next day that is not a weekend or legal holiday). Reid's notice of appeal was filed on May 23, 2024, nearly two months late. *See* Fed. R. App. P. 4(c).

Although Reid's notice of appeal was timely filed within 30 days of the second reconsideration order, entered on April 24, 2024, his second reconsideration motion did not reset the time to appeal the February 23, 2024 order. Under Rule 4(a)(4)(A)(vi), an

4

appellant can reset the time for filing an appeal by submitting, among other motions, a motion pursuant to Rule 59 or Rule 60 within the 28-day window for a Rule 59 motion. *See Glinka v. Maytag Corp.*, 90 F.3d 72, 73–74 (2d Cir. 1996). Here, Reid's second reconsideration motion was dated April 3, 2024, more than 28 days after the February 23, 2024 order. Accordingly, Reid's motion did not reset the time to appeal the denial of his Rule 60(b)(2) motion or motion to amend.

Rule 4(a)(4)(A)(vi) is a "a claim-processing rule subject to . . . waiver rather than a jurisdictional rule to be strictly enforced." *Malek v. Feigenbaum*, 116 F.4th 118, 123 (2d Cir. 2024) (internal quotation marks and citation omitted). However, it is "unalterable if properly raised by an opposing party." *Id.* (citation omitted). Here, the defendants properly raise the rule, arguing that Reid's second reconsideration motion was not a timely motion under Rule 4(a)(4)(A). Our review is therefore limited to the second reconsideration order, the only order from which Reid's appeal was timely.

The district court did not abuse its discretion in denying Reid's second reconsideration motion. Although Reid's second reconsideration motion invoked Rule 59(e), it was filed more than 28 days after the denial of his Rule 60(b)(2) motion and motion to amend. Accordingly, his second reconsideration motion is properly treated as one under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a

5

judgment must be filed no later than 28 days after the entry of the judgment."); *Lora*, 602 F.3d at 111 ("An untimely motion for reconsideration is treated as a Rule 60(b) motion.").

Rule 60(b) provides that the district court may grant relief from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks and citation omitted).

Here, Reid failed to demonstrate that Rule 60(b) relief from the denial of his previous Rule 60(b) motion and motion to amend was warranted. Reid argued that the defendants had filed their response to his previous motions after the court's deadline. But regardless, there was no reply for Reid to file. The court had explained that it may order a reply from Reid if it determined a reply would be useful, and ultimately declined to do so. Reid also argued that the court had overlooked his evidence and proposed

6

amendments, but the district court had thoroughly discussed these issues in its prior order. The court explained that the evidence was submitted to the court prior to its ruling on the motion to dismiss, and that incorporating the evidence into his complaint would be futile. *See Reid v. City of New York*, No. 20-cv-9243, 2024 WL 749620, at *5 (S.D.N.Y. Feb. 23, 2024).

In sum, Reid did not demonstrate a valid Rule 60(b) reason for relief from the district court's prior order denying his Rule 60(b)(2) motion and motion to file a second amended complaint.

We have considered all of Reid's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court, entered on April 24, 2024.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court